Duthie vs. The Town of Washburn.

DUTHIE, Respondent, vs. THE TOWN OF WASHBURN, Appellant, and PROBERT, Respondent.

*February 23 — March 16, 1894.*

*Municipal corporations: Injury to person from defective crosswalk: Instructions to jury.*

1. In an action against a town for personal injuries alleged to have been caused by a defective crosswalk, an instruction defining the degree of care required of the plaintiff as such "as a person would ordinarily use under the same circumstances," and "such care as people ordinarily use under the same circumstances," is erroneous.

2. An instruction that the statute in regard to defective highways "makes the town absolutely liable for all damages sustained by the person or property of any person traveling thereon,— there being no negligence on the part of such person," is erroneous because it omits the conditions of the town's liability.

3. An instruction that "it was the duty of the town to have protected any person traveling upon the street from any *liability* which they might suffer on account of this alleged defect," was erroneous, as tending to confuse the jury.

4. Instead of giving or refusing to give the instructions asked by defendant as the law of the case, the court said to the jury: "These are the requests of the defendant which I have read to you, and you may use them as far as they are practicable in arriving at a verdict." *Held,* error.

5. Instructions to the jury should be clear and explicit and to the point, and so brief as to be emphatic.

APPEAL from the Circuit Court for *Bayfield* County. The facts are sufficiently stated in the opinion. The defendant town appeals from a judgment against it in favor of the plaintiff.

For the appellant there was a brief by *Warden & Alvord* and *J. J. Miles,* and oral argument by *E. C. Alvord* and *J. J. Miles.*

For the respondent *Johanna Duthie* there was a brief by *Tomkins & Merrill* and *Henry Textor,* and oral argument by *Geo. F. Merrill.*

For the respondent *Probert* there was a brief by *Lamoreux, Gleason, Shea & Wright,* and oral argument by *E. F. Gleason.*

ORTON, C. J.   This action was brought by the plaintiff against the town of *Washburn* to recover damages for her personal injuries, caused by the insufficiency and want of repair of a certain crosswalk in said town.   The defendant by answer put in issue the facts of the injury, the notice to the town, and the filing of a statement with the town clerk; and then alleged that, if there was such a defect and want of repair for which it is liable in this action, the same was caused by one *A. C. Probert,* and that he is primarily liable therefor.

The following facts appear to have been established by the evidence:   The plaintiff, a woman about forty-three years of age, while walking along the crosswalk over Central avenue in said town, in the evening of the 21st day of October, 1889, fell into a hole which the town had negligently allowed to remain in said crosswalk for over two weeks, and was very seriously injured.   The town sought to prove that the hole in which the plaintiff fell was not in said crosswalk, but was near the corner of a block near by at the end of the crosswalk, and had been left there, unguarded, by the said *A. C. Probert* while excavating for a catch basin under a contract with the town, and that therefore the said *Probert* was primarily liable for the defect and the injury of the plaintiff; but this was not proved.   The jury found a verdict for $2,500 damages in favor of the plaintiff and against the town, and that the town was primarily liable, and that the said *Probert* was not.

We think that the verdict was warranted by the evidence, and we regret that we are compelled to reverse the judgment thereon by reason of errors in the instructions of the court to the jury, which are too important and ma-

terial to be disregarded; and they must have influenced and misled the jury if a jury could be influenced and misled by the charge of the court in such a case.

1. In one part of the charge the court said: "If you find there was negligence on the part of the plaintiff, she cannot recover; and in determining this fact you will settle in your minds whether she used such care, caution, and prudence *as a person would ordinarily use under the same circumstances.*" In the next sentence the court repeated, "*such care as people ordinarily use under the same circumstances.*" This language does not express the care the plaintiff was required to use by any authority. She was required to use "ordinary care." It must be "such care as persons of ordinary care and prudence observe in their business," or "such care as the great mass of mankind, or the majority, observe in the transactions of human life." *Dreher v. Fitchburg,* 22 Wis. 675. This language, which this court held in that case was a full expression of ordinary or common care, shows at a glance the insufficiency of the instruction. The care that "a person [any person] would ordinarily use," or "that people ordinarily use," might be gross negligence. The language should have been qualified by saying "a person or people of ordinary care and prudence ordinarily use, or the great mass or majority of people observe." The care that any person or any kind of people observes is not the criterion of ordinary care, and falls far short of it, as any one can see. This court has taken great pains, in a great many cases, to be accurate as to the true definition of ordinary care or common care and prudence, and it is remarkable that any court should now fall into such an error. *Ward v. M. & St. P. R. Co.* 29 Wis. 144; *Wheeler v. Westport,* 30 Wis. 392; *Hammond v. Mukwa,* 40 Wis. 35; *Griffin v. Willow,* 43 Wis. 509; *Prideaux v. Mineral Point,* 43 Wis. 513; *Bloor v. Delafield,* 69 Wis. 273; *Cremer v. Portland,* 36

Wis. 92; *Jung v. Stevens Point*, 74 Wis. 547. It would have been better and safer not to attempt to define ordinary care than to give the jury such a defective and misleading definition of it. The plaintiff might have been guilty of such contributory negligence as would defeat her action, and yet have fulfilled the requirement of such a definition. It is difficult to see how any plaintiff could use less care than this definition requires.

2. The court, after reading the statute that makes the town liable in such a case, said: "As you will observe, it makes the town absolutely liable for all damages sustained by the person or property of any person traveling thereon,— there being no negligence on the part of such person." Here the court undertook to construe the statute and tell the jury what it means, and in doing so left out all the conditions of the town's liability, such as the insufficiency or want of repair of the street, and the town's knowledge or notice of it, and the town's negligence in not repairing or guarding it. The statute does not make the town absolutely liable for all the damages sustained by any person merely traveling on the highway. The statute itself is plain enough, and any jury would understand it if their attention was not diverted by such an erroneous construction of it by the court; and after that they would be apt to take such a construction of it as the law of the case. In that way the jury might be misled or confused as to what the law is. The statute had much better be left to speak for itself than such a grossly defective interpretation of it.

3. The court told the jury that "it was the duty of the town to have protected any person traveling upon the street from any *liability* which they might suffer on account of this alleged defect in the street." What does this instruction mean? Such a careless use of language may well confuse and puzzle the jury.

4. The court instructed the jury that "the evidence of

the plaintiff tends to show that she is entitled to a verdict at your hands, while the evidence of the defendant town tends to show that, if any liability exists, the defendant *Probert* is primarily liable; and the evidence on the part of the defendant *Probert* tends to show that he is not primarily liable, or in any other manner liable; and the evidence of the defendant *Probert* also tends to show that the woman has not sustained any serious or material injury whereby she can ask a large verdict at your hands." In other words, the evidence tends to show that the plaintiff is entitled to recover, and that she is not entitled to recover, and that *Probert* is primarily liable and is not primarily liable. Such an instruction, that makes the same evidence tend to support two opposite and adverse propositions and conclusions, would be likely to confuse the minds of the jury, rather than aid them in applying the evidence to the law, which should be the main purpose of instructing the jury.

5. The court was requested to give the jury certain instructions on behalf of the town. Instead of giving the instructions or refusing to give them as the law of the case, the court said: "Gentlemen, these are the requests of the defendant which I have read to you, and you may use them as far as the same are practicable in arriving at a verdict." This was excepted to by defendant's counsel as a refusal to charge as requested. It was the right of both parties to have the court give or refuse these instructions, or modify them, so that the proper exception could be taken; but the court left the question as to whether the instructions expressed correct propositions of law or not to the jury to decide. Their *practicability*, which is left to the jury, means this, if anything. If all the instructions had been submitted to the jury in the same way, they would have been left without any instructions upon the law of the case by the court, and with the duty imposed upon them to decide all questions of law in the case as they saw fit.

Duthie vs. The Town of Washburn.

Such a practice as the court adopted in this case is not only very objectionable, but a very material error.

6. Nearly all of the instructions of the court to the jury in this case were excepted to by the defendant's counsel. They are very long for such a case, covering nearly fifteen pages of the case; and twenty-nine exceptions were taken to them by the defendant's counsel. The same propositions of law are very many times repeated, and often in a different way, and the sentences are long and much involved, and the language anything but clear and accurate. The whole charge, taken together, was well calculated to confuse, rather than to instruct and enlighten, the minds of the jury. The law of the case is very plain and easily understood, and there is not much of it, but it is often stated in such a way as to make it complicated and difficult. All the legal principles involved in such a case could easily and clearly be stated in a page or two. The practice of giving long charges to the jury has grown into an evil, and to this practice may well be attributed the various objections above noticed. Instructions to the jury should be clear and explicit and to the point, and so brief as to be emphatic. The language should be well selected to express with exactness and clearness the legal principle in view, and the words be apt and appropriate. There is nothing that should be expressed with more terseness, brevity, and accuracy than legal principles. These rules may as well be applied to judicial opinions as to instructions to a jury. Repetition, verbosity, long and involved sentences, and numerous and pointless examples, analogies, and illustrations, should be avoided in either case. The briefer well-expressed and proper instructions are, the more readily the jury will understand and longer remember them. On account of the above errors, we feel compelled to reverse the judgment and order a new trial of the case.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.