WELSH and another, Respondents, vs. THE TOWN OF ARGYLE, Appellant.

*February 9.— March 5, 1895.*

*Highways: Deviation from road: Drowning of horses: Contributory negligence.*

Where the driver of a team, knowingly and without any apparent necessity, left the highway which, though inconvenient for passage because covered with water and ice, was safe, and drove into a creek beside it, along which teams were often driven at the ordinary stage of water, but which was then overflowing its banks, the town was not liable for the drowning of the team in the creek.

APPEAL from a judgment of the circuit court for La Fayette county: GEO. CLEMENTSON, Circuit Judge. *Reversed.*

The action is to recover damages alleged to have been caused by a defective highway. The plaintiffs were copartners engaged in a general livery business. One Daniel Fisher hired a team from them, which he drove over and

along a highway of the defendant town.   The highway
crossed a bridge, and ran for a short distance along beside a
small stream, called "Mud Creek," to the left and within
about fifteen feet of it.   At the time there was a freshet in
the stream, and the water had risen above the banks and
covered the road, from a short distance beyond the bridge,
for a considerable distance.   It was four to eight inches
deep over the road, and was frozen so as to be covered over
with ice.   But the line and place of the road was marked
by grass and weeds and rocks and dirt and spots which were
above the ice, so as to be obvious notwithstanding the ice.
The road ran in a line nearly straight with the bridge.   Just
beyond the bridge was a place where it was common for
teams to turn down to the creek for a watering place, and
not infrequently they drove into the creek and along it for
some distance.   The places where teams so went into and
emerged from the creek and returned to the road were well
defined by the marks of such use.   The creek was not frozen
over, and a considerable current was plainly visible.   It was
in the daytime.   When Fisher arrived upon the bridge the
whole situation was visible before him.   He realized it.   He
stopped the team upon the bridge, stood up in his buggy,
and took a survey.   Then he continued across the bridge,
turned to the right, drove into the creek, and the team was
drowned.

There was a verdict and judgment for the plaintiffs, from
which the defendant appeals.

For the appellant there was a brief by *Orton & Osborn*,
and oral argument by *P. A. Orton.*

For the respondents there was a brief by *Wilson & Martin*
and *Calvert Spensley*, and oral argument by *H. C. Martin*
and *Mr. Spensley.*

NEWMAN, J.   It was obvious to Fisher that the road, though
somewhat inconvenient for passage by reason of the ice over

it, was yet safe. It was obvious also that the creek was in a state of freshet. He realized that. He knew also that, while the stream might be safe to ford in ordinary water, it might be dangerous in time of freshet. He saw the situation. Three courses were open to him: He could follow the road and be safe, though with some inconvenience; he could take the chance of the ford; he could turn back and cross the stream at some other point, also at some inconvenience. He chose the only course which was attended with danger. He chanced the ford, and the chance turned against him. It was his own choice, and not an apparent necessity, which led him to deviate from the safe but inconvenient way. In such a case the town is not liable. *Kelley v. Fond du Lac*, 31 Wis. 179; *Hawes v. Fox Lake*, 33 Wis. 438; *Goeltz v. Ashland*, 75 Wis. 642. The evidence does not support the verdict. A new trial should have been granted.

*By the Court.*— The judgment is reversed, and the cause remanded for a new trial.