Nass vs. Schulz.

Nass, Respondent, vs. Schulz, Appellant.

*November 27 — December 15, 1899.*

*Appeal: Instructions to jury: Material error: Presumptions: Fires: Negligence.*

1. Where an issue of fact is submitted to the jury, it raises a presumption that there was evidence from which an inference could reasonably have been drawn either way in regard to it, which justified correct instructions as to the law applicable thereto; and the materiality of the issue, and the fact that it was submitted to the jury for determination, satisfies all calls for affirmative showing of prejudicial error, and if the instructions in regard to such issue were erroneous, error may be successfully assigned on exceptions to such instructions, even though the evidence in the case is not preserved and made a part of the record by a bill of exceptions.

2. In an action for a loss alleged to have been caused by the negligence of defendant in starting a fire on his premises and permitting it to spread to the premises of the plaintiff, an instruction to the jury, in effect, that whether the acts of plaintiff were negligent or not was governed by what would be the ordinary usage and custom that people observed, in the use of fire, with regard to their own surroundings, as well as the surroundings of their neighbors, is *held* to be materially erroneous, in that the abstract standard of care, given as the test, was not confined to "such care as the great mass of mankind ordinarily exercise," and because such standard was not made correct, relative to the particular state of facts, by adding "under the same or similar circumstances."

Appeal from a judgment of the circuit court for Lincoln county: W. C. Silverthorn, Circuit Judge. *Reversed.*

Action to recover compensation for loss alleged to have been caused to plaintiff by negligence of the defendant in starting a fire on his premises and permitting the same to spread to the premises of the plaintiff. Whether defendant was guilty of want of ordinary care in starting the fire or in failing to prevent its spread to the plaintiff's premises, were the chief questions in controversy. The subject was submitted to the jury for determination on the evidence, under instructions regarding the legal test of ordinary care, which instructions were excepted to, as were also other instructions on other branches of the case. The jury rendered a verdict in plaintiff's favor for $147. Defendant's counsel moved the court to set aside the verdict and grant a new trial for errors in the judge's charge, which motion was denied and the ruling duly excepted to. Defendant appealed from the judgment rendered on the verdict. The bill of exceptions contains the judge's charge and the exceptions thereto, and other rulings above referred to, but does not contain the evidence.

For the appellant there was a brief by *Van Hecke & Smart*, and oral argument by *E. M. Smart*.

*M. G. Hoffman*, for the respondent.

MARSHALL, J.  Can error be successfully assigned on exceptions to instructions if the evidence in the case be not preserved and made a part of the record by a bill of exceptions? That question is met with at the threshold of our consideration of this appeal. To sustain the negative of the proposition it is suggested by respondent's counsel that error is always presumed against in appellate administration, and error must be made to affirmatively and clearly appear, and that it at least may, reasonably, have influenced the final result, or be deemed harmless and the judgment be sustained. Such is the law according to the uniform decisions of this and other courts, and the statute as well.  Sec. 2829, Stats.

1898, provides that at every step of an action the court shall disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party. That has been well characterized as a beneficent statute which may properly be invoked to cover and render harmless a multitude of errors which manifestly do not affect the final result of a judicial controversy. However, the salutary rule does not apply to the situation before us, because harmful error does affirmatively appear, if the challenged instructions were erroneous.

The law regarding the degree of care which the defendant was in duty bound to exercise was of vital importance on the trial. Defendant was charged with liability for a breach of duty, and whether he was guilty or not, assuming that he was responsible for the fire, depended upon the degree of care which his duty, under the circumstances, called for. In the absence of correct instructions, manifestly the jury were quite liable to go astray and not respond to the vital issue in the case intelligently or correctly. Thus, it is easily shown that instructions on the subject of ordinary care were material. We cannot assume that they were immaterial because the evidence may have been conclusive as to defendant's negligence, for the fact that the issue was submitted to the jury overcomes the presumption against error and raises a presumption that there was evidence from which an inference could reasonably have been drawn either way in regard to it, and which justified correct instructions as to the law applicable thereto. The materiality of the issue and the fact that it was submitted to the jury for determination satisfy all calls for affirmative showing of prejudicial error, if the instructions in regard to such issue were erroneous. Our attention is called by respondent's counsel to *Paine v. Smith*, 32 Wis. 335, as authority to the point that instructions in no case will be considered in the absence of evidence, but it is really authority for the con-

trary view. It is said in the cited case, and others on the
same line, that in the absence of evidence it will be pre-
sumed that there was evidence to justify the instructions
given. The court was speaking of proper instructions. The
idea was, that in the absence of the evidence from the rec-
ord it will be presumed that there was evidence given on
the trial calling for instructions on the subject covered by the
charge. Hence, if they were proper, error could not be as-
signed on a supposed absence or insufficiency of evidence to
justify them. The same presumption as to the existence of
evidence must necessarily arise where the record shows that
a particular rule of law was material and the trial court at-
tempted to instruct the jury in regard to it. It must be
assumed, then, that there was conflicting evidence on such
subject, produced on the trial of this case, or conflicting,
reasonable inferences from undisputed evidence, or both.
The court so held in *Darling v. Conklin*, 42 Wis. 478. Re-
spondent's counsel suggest that what was there said was
*obiter*, overlooking the fact that the language of the opin-
ion is the same as in *Paine v. Smith*, *supra*, which is cited
to support the counsel's contention, but which does not, as
we have seen. Counsel upon both sides seem to have over-
looked *Hamlin v. Spaulding*, 27 Wis. 360, where it was ex-
pressly held that when the bill of exceptions shows an erro-
neous instruction on a material point and does not contain
all of the evidence, the judgment must be reversed. If that
case had been discovered the question, presented with much
care upon both sides upon the theory that it was something
entirely new, would have been shorn of its supposed novelty.
In the *Hamlin Case*, Mr. Justice PAINE said, in substance,
where the bill of exceptions purports to contain all the evi-
dence, and the verdict is right on such evidence, the court
will affirm the judgment notwithstanding erroneous instruc-
tions; but where the instructions are inaccurate, as appli-
cable generally to such an action, and the evidence is not
all before the court, the judgment should be reversed.

What has been said requires consideration of the following instruction to the jury covering the subject of ordinary care. It was duly excepted to and preserved in the bill of exceptions. "Now as to whether it was negligence on the part of the defendant to set the fire or allow it to be set, and then permit it to go on and burn without being extinguished, is the question for you to determine as to whether that was negligence or not, and it is governed by what would be the ordinary usage and custom that people observe in the use of fire with regard to their own surroundings as well as the surroundings of their neighbors." That is incorrect in that the standard of care given as the test is not confined to such as the great mass of mankind ordinarily exercise. Such expressions as "persons" or "a person" or "people ordinarily use," have been uniformly condemned by the courts as giving an incorrect standard by which to measure the conduct of a person charged with actionable negligence. *Duthie v. Washburn*, 87 Wis. 231; *Hennesey v. C. & N. W. R. Co.* 99 Wis. 109; *Paris, M. & S. P. R. Co. v. Nesbitt*, 38 S. W. Rep. 243; *St. Louis S. W. R. Co. v. Rice*, 29 S. W. Rep. 525; *Missouri, K. & T. R. Co. v. Wylie*, 26 S. W. Rep. 85. The language in the *Duthie Case* was, "Such care as people ordinarily use under the same circumstances." It was more accurate than the words of the charge under consideration,—"A custom that people observe in regard to their own surroundings as well as the surroundings of their neighbors," in that the expression "people ordinarily use" and the expression "ordinary usage and custom of people" are substantially identical, while the former was correctly confined to the particular circumstances of the case, or similar circumstances, while the latter was not so confined. The rule is so elementary that ordinary care, as applied to the particular case, is such care as the great mass of mankind ordinarily use in the same or similar circumstances, that there is no reasonable excuse for not stating it correctly. Care should be taken to give the correct standard in the

abstract, and to apply it relatively to the particular facts. Such expressions as " such care as a person or persons of ordinary care ordinarily exercise," or " such care as men of average prudence or the great mass of mankind ordinarily exercise," are right as abstract propositions, but to render them correct relative to a particular state of facts the element should always be added of " under the same or similar circumstances." What would be considered ordinary care under one state of circumstances is by no means necessarily such care under different circumstances. The degree of danger, the character of the injury to be apprehended from a failure to exercise proper care, and all the circumstances of the situation are to be considered; so, in stating to the jury the law governing the subject, the trial court should say, in effect, and by clear and unmistakable language, that the standard by which the conduct of the person charged with violating his duty, as regards the personal safety of others, or their property, is to be measured, is such care as the great mass of mankind ordinarily exercise under the same or similar circumstances. The latter element is of as much significance as the essential element in the proposition of law in the abstract, that ordinary care is the care of an average prudent man. All decisions on the subject in this court are so harmonious that no mistake in regard to it ought reasonably to occur. *Ward v. M. & St. P. R. Co.* 29 Wis. 144; *Wheeler v. Westport,* 30 Wis. 392; *Hammond v. Mukwa,* 40 Wis. 35; *Griffin v. Willow,* 43 Wis. 509; *Prideaux v. Mineral Point,* 43 Wis. 513; *Bloor v. Delafield,* 69 Wis. 273; *Cremer v. Portland,* 36 Wis. 92; *Jung v. Stevens Point,* 74 Wis. 547; *Wall v. Highland,* 72 Wis. 435; *Duthie v. Washburn,* 87 Wis. 231; *Hennesey v. C. & N. W. R. Co.* 99 Wis. 109.

It is so manifest in this case that the error, which must work a reversal of the judgment, occurred from the practice of giving oral instructions, that it seems proper to suggest

Nass vs. Schulz.

that, unless a trial judge can, with reasonable certainty, state orally, with accuracy and definiteness, the law as he understands it, and grasp the subject in hand as well in giving instructions that way as by the more deliberate and careful method of reducing what he desires to say to the jury to writing, the latter method should be adopted. It is not unfrequently the case that a person, learned in the law, capable of administering the important legal duty of instructing juries with a high degree of certainty, if only pains were taken to deliberately and thoughtfully reduce the instructions to writing before giving them, is liable to commit many errors of a serious character in regard even to elementary principles by the practice of giving oral instructions. The former method is much more laborious, but a high regard for a safe, economical, and speedy administration of justice will suggest the adoption of the safer practice, especially in cases involving matters of any considerable importance, and cases where important legal principles are required to be stated to the jury. A general adoption of the practice here suggested will lessen the number of reversals by this court to a considerable degree, and prevent much unnecessary delay in remedying wrongs.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.

BARDEEN, J., took no part.