SCHRUNK, Respondent, vs. TOWN OF ST. JOSEPH, Appellant.

*December 14, 1903—January 12, 1904.*

*Highways: Personal injuries: Negligence: Contributory negligence: Ordinary care: Special verdict: Questions submitted: Direction of verdict: Instructions to jury.*

1. It is not consistent with ordinary care for one, with knowledge of the facts, to attempt to travel with horse and carriage over a section of a highway many rods in length, the pathway being on a narrow dirt fill six feet high, covered by water to a depth of about three feet, entirely obstructing it and all objects that would otherwise suggest with some reasonable certainty the location thereof.

2. In an action for damages alleged to have been caused by the insufficiency of a highway, an issue being raised by the pleadings and the truth of the matter controverted on the evidence as to such insufficiency being the result of an extraordinary event, as a sudden and extraordinary accumulation of water, such issue, upon a special verdict being demanded, should be submitted for determination by a proper question.

3. The duty of a municipality to keep its highways in a reasonably safe condition for public use does not include providing against insufficiency caused by extraordinary events.

4. In an action for damages alleged to have been caused by the insufficiency of a highway, the evidence disclosing conclusively that the condition causing the injury was produced by some extraordinary event, as an unusual accumulation of water, a verdict of no cause of action should be directed on a motion being made therefor.

5. A person of ordinary care may not always exercise it; hence, whether such a person would or might on a particular occasion conduct himself in a particular way, gives no legal criterion by which to determine whether such conduct would be consistent with such care. The true test is, Would a person of ordinary care under the same or similar circumstances ordinarily so conduct himself?

6. In an action for damages alleged to have been produced by the insufficiency of a highway, where contributory negligence of the plaintiff and of some other person, imputable to him, are in issue, the controversy as to such fault as to each should form the subject of an independent question upon the case being submitted for a special verdict.

7. The instructions to the jury in respect to questions for a special verdict should be directed thereto specifically and be confined to such explanation thereof and the law in respect thereto as to enable the jury to intelligently answer them, having regard to the burden of proof, care being exercised not to suggest, as to any question, the effect of the answer thereto upon the ultimate rights of either party.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for St. Croix county: E. W. HELMS, Circuit Judge. *Reversed.*

Action for damages said to have been caused by insufficiency of a highway in the defendant town. The insufficiency claimed was this: At the place of the accident the circumstances were such that surface water, to a depth of nine or ten feet measuring from the natural surface of the ground, and to a depth of three or four feet measuring from the surface of the made roadway, was liable to accumulate, covering the entire way for a distance of about eight rods; and to render travel practical at all times the defendant constructed a dirt fill about six feet high and six feet wide on top, without railings, the material of the fill being of such character that the action of the water thereon was liable to make deep holes in the sides thereof.

The circumstances of the accident were stated to be these: On April 11, 1897, water covered the fill mentioned to a depth of three or four feet, entirely obscuring the pathway

of public travel, which condition was well known to the town authorities. On such day plaintiff, in the company of her husband, while riding in a buggy and attempting to ford the pond by traveling on the fill, was severely injured by the buggy being overturned, throwing her into deep water. Damages were claimed in the sum of $5,000.

Defendant answered, pleading, among other things, that the damages were solely caused by contributory negligence of the plaintiff. The evidence was to the effect, beyond reasonable controversy, that the condition of the highway and the circumstances of the accident were substantially as set forth in the complaint; that plaintiff and her husband were perfectly familiar with the highway and the dangers of attempting to pass over the same as they did; that the highway had been dangerous on account of the accumulation of water covering the same for several days prior to the accident; that the accumulation of water was extraordinary, and that there was a way by which plaintiff could have safely made her journey without taking the risk which terminated in the injury complained of.

At the close of the evidence defendant's counsel moved the court to direct a verdict in its favor, which motion was denied. Defendant's counsel then demanded a special verdict, asking that questions be submitted covering the subject of whether the accumulation of water at the time of the accident was extraordinary, and whether there was a way known to plaintiff by which she could have safely reached her destination. The jury rendered a verdict as follows:

The highway at the place where and time when plaintiff was injured was insufficient for public use.

Defendant had notice thereof so that by the exercise of reasonable diligence it might have remedied the defect before plaintiff was injured.

Such insufficient condition was the proximate cause of the plaintiff's injury.

She was not guilty of any want of ordinary care contributing to produce it.

Four hundred and seventy-five dollars will be required to compensate plaintiff therefor.

Upon exceptions taken during the progress of the trial and to the refusal of the court to submit to the jury propositions requested, and to its instructions to the jury, defendant moved that the verdict be set aside and a new trial granted, which was denied. Upon plaintiff's motion judgment was rendered in her favor upon the verdict, and defendant appealed.

For the appellant there was a brief by *John W. Bashford* and *Spencer Haven,* and a supplemental brief signed also by *R. M. Bashford,* of counsel, and oral argument by *Mr. R. M. Bashford.*

*A. J. Kinney,* for the respondent.

MARSHALL, J. If the evidence in this case conclusively shows contributory negligence on the part of respondent, as counsel for appellant claim, sustaining their contention that the trial court erred in refusing to grant their motion for a directed verdict and their contention that the one rendered, exonerating respondent from the charge of contributory negligence, is contrary to the evidence, then there is little need of discussing any other subject in this opinion; since, though in that event, as the record stands, the cause must go back for a new trial, it does not seem probable that a second trial in fact would profit respondent.

As indicated, the main proposition to be solved is this: Is it consistent with ordinary care for a person riding in a buggy, drawn in the usual way, to attempt to pass over a section of highway where the traveled track for many rods is on a narrow dirt fill so high that to drive off the side thereof would be attended with great danger, the top of the fill being curved and so narrow that a mere step by the horse outside such track would be liable to carry him and the occupants of

the conveyance into the region of such danger, there being an accumulation of surface water covering the fill to a depth of some three or four feet, entirely obscuring from observation not only the top thereof but all fence posts and other objects in the vicinity that might otherwise suggest the location of the traveled track, the depth of the water at the side of the fill being eight feet or more, and all such facts being within the knowledge of such person? It seems that none but a negative answer can reasonably be given to such proposition, and therefore that no disputable question of fact in respect to the subject existed on the evidence calling for solution by a jury. Where in such cases as this conflicting inferences may reasonably be drawn from a given state of facts, the truth of the matter is to be discovered by a jury; but where only one such inference can be drawn the true state of the case, in legal contemplation, appears as a matter of law, calling for the exercise of the judicial function to so declare it. It is plain that the driver in this case could place no reliance on his horse to keep safely in the traveled track, as the animal had no way of knowing where it was or that he was departing dangerously therefrom, at least till he approached the very brink of the fill, where he was quite likely to so lose his footing as to be unable to avoid going into the deep water at the side thereof. The driver had no way of safely guiding his horse so as to keep him in the proper course, because of the form of the fill and inability to tell with reasonable certainty its location by observing it or surrounding objects. It seems that the common sense of any one of ordinary intelligence would suggest at once, in the circumstances stated, imminent danger of personal injury as incident to an attempt to drive through the pond.

Great reliance is placed by respondent's counsel on *Jung v. Stevens Point,* 74 Wis. 547, 43 N. W. 513. It is sufficient to say that the circumstances involved there included the existence of a fence parallel with the traveled track and ap-

pearing above the surface of the water, indicating with reasonable certainty the location of the traveled track. It might be suggested that *Wiltse v. Tilden,* 77 Wis. 152, 46 N. W. 234, has some bearing, but it will be seen by an examination of the facts involved that there was nothing to prevent the traveler from seeing just where the traveled track was located, and that the horse was proceeding thereon where the water was only a little above ankle deep at the instant when it reached the brink of a hole, washed out in the road, of which the driver had no knowledge, into which he stepped. *Wells v. Remington,* 118 Wis. 573, 95 N. W. 1094, recently decided, is quite like *Willse v. Tilden,* and significantly unlike this case. There was evidence tending to show that the traveler was able to and did keep in a track commonly used and apparently safe up to the instant of the accident; that he was proceeding on dry land when the horse, by reason of slipping, or the caving away of the side of the road where it was undermined by water, a condition not reasonably to be apprehended, was caused to slide or fall into deep water. We are not familiar with any instance where a person, traveling as plaintiff and her husband were, with full knowledge of all the facts, was held to have acted consistently with ordinary care in attempting to drive for several rods on a narrow, crooked bank of earth, covered by water entirely obscuring it from observation, and all objects on either side thereof as well that would otherwise indicate its precise location, and rendering it uncertain at every step of progress whether such step would be on or off the bank.

The foregoing renders other questions discussed in the briefs of counsel of little importance; but for the beneficial influence that a brief mention of them may have on future trials in the same jurisdiction we will notice them.

There was much evidence tending to show that the condition of the highway at the time of the accident, as regards water, was extraordinary. That was an important feature

of the case. The fact in regard thereto was in issue by the pleadings. It was one of more significance than a mere evidentiary circumstance bearing on the question of whether the highway was reasonably safe or not. It was, if it existed, one which the town authorities were, as a matter of law, not bound to provide against. If the trial court deemed it established beyond reasonable controversy, a verdict for appellant should have been directed. *Hopkins v. Rush River,* 70 Wis. 10, 34 N. W. 909, 35 N. W. 939; *Allen v. Chippewa Falls,* 52 Wis. 430, 9 N. W. 284. If upon the evidence a disputable question was presented in respect to the matter, the trial court should have submitted it specially to the jury in the special verdict, as requested. *Hopkins v. Rush River, supra.* The court seems to have arbitrarily adopted the form of the special verdict suggested by this court in *Mauch v. Hartford,* 112 Wis. 40, 87 N. W. 816, not considering that, while such form fits most cases, where there are special matters in issue under the pleading, questions in regard thereto should be added to the end that each such matter, controverted on the evidence, may be covered by an appropriate interrogatory.

The court correctly instructed the jury that the burden of proof on the question of whether plaintiff was guilty of contributory negligence was on the defendant. There is no exception to the rule in that regard, that where plaintiff's evidence tends to show contributory negligence on his part the burden is upon him to show that he was free from such fault, as counsel for appellant seem to suppose. *Hoyt v. Hudson,* 41 Wis. 111; *Prideaux v. Mineral Point,* 43 Wis. 524; *Hoth v. Peters,* 55 Wis. 410, 411, 13 N. W. 219, and *Strong v. Stevens Point,* 62 Wis. 265, 22 N. W. 425, upon which they rely for authority to the contrary, are merely to the effect that the burden to establish contributory negligence, in a case of this kind, is cast upon the defendant because of the presumption of law that every person acts with ordinary care in the absence of evidence to the contrary; hence when the

plaintiff's own evidence wholly overcomes such presumption and conclusively establishes contributory fault on his part, he must take up and carry successfully the burden of producing other evidence which, in view of the defendant's proof, will at least involve the question of whether there was such fault or not in some reasonable degree of doubt, calling for solution by a jury, or pay the penalty of being nonsuited, or having a verdict directed in favor of the defendant. The burden of proof in such a case is on the defendant at the start and is not shifted merely by the fact being established by his adversary in any other sense than it is as to any other fact in the case so established. If the plaintiff himself conclusively establishes a fact essential to the defense, he of course effectually accomplishes his own defeat. If he merely discloses evidence tending to establish such fact, the question in regard thereto is still for the jury to solve, guided by the rule that the burden of proof in regard thereto is on the defendant, who of course is entitled to have considered in his favor any evidence produced by his adversary to the latter's disadvantage.

The court instructed the jury in substance thus:

If you find that a person of ordinary intelligence and prudence would do what the plaintiff did, then she was free from contributory fault.

That was not a correct test of ordinary care, though we hardly see how reversible error can be predicated thereon, since the idea expressed to the jury was suggested to the court in several requests for instructions made by appellant's counsel. It is not true that a person of ordinary care is as a matter of law always to be deemed free from contributory fault as to everything which he does, since a person of common prudence may on occasions do very negligent acts. The proper standard by which to measure the conduct of a person in a given situation, in determining whether he was guilty

of contributory fault or not, is this: Would a person of ordinary intelligence and prudence, under the same or similar circumstances, ordinarily so conduct himself? The court gave the instruction here criticised several times, in one instance using this language:

"If under the same circumstances a person of ordinary intelligence and prudence would have ventured over such defective highway, then such traveler would not be held guilty of a want of ordinary care."

There the faulty idea was presented to the jury in a strikingly prejudicial manner by reason of the use of the word "venture." It must be clear that the fact that an ordinarily careful person might on some particular occasion "venture" to assume imminent risk of receiving a personal injury would by no means suggest that his conduct was consistent with ordinary care.

Complaint is made because the court did not submit to the jury, as part of the special verdict, a question covering the subject of whether plaintiff's husband was guilty of contributory negligence. That was a fact in issue and should have been covered by a question separate from that regarding the contributory fault of plaintiff. But since no special request in that regard was made by appellant's counsel, and the instructions given by the court were so worded as to make the answer to the question as to plaintiff's contributory fault cover that of her husband as well, and by the answer to the complaint the accident was alleged to have been caused solely by the contributory fault of the plaintiff, it does not seem that the error assigned can be sustained as prejudicial.

Complaint is made because the court at several points in the instructions to the jury so worded the same as to indicate the answer necessary to sustain plaintiff's claim. These instances are given to illustrate the fault suggested. In respect to the question covering the subject of whether the highway

at the time of the accident was reasonably safe, the court said:

"The law of this state is that towns and municipalities shall keep their streets and highways in a reasonably safe condition for the passage of travelers at all seasons of the year.

"The law does not require, nor does the town undertake to make its highways perfectly safe so that no accident can happen; but the town is required and it is its duty to make them in view of the situation, the character of the highway, and the season of the year, in a reasonably safe condition."

In regard to the question of whether plaintiff was guilty of contributory fault or not, the court said:

"It was the duty of the plaintiff in this case to exercise ordinary care to protect herself from injury; and you are required by your answer to this question to say whether she did, under all the circumstances shown in the testimony, exercise such ordinary care."

Without intending to indicate at this time that such a method of instructing a jury under the circumstances of this case is fatally erroneous, we will take occasion to condemn it as not the best method, and as impairing to some extent the value of a special verdict. True, as counsel for appellant argue, it was not necessary or best for the court, in instructing the jury as to the question covering the subject of whether the highway was reasonably safe or not, to say anything about what the law required of the town authorities; or, in instructing in respect to the question as to whether plaintiff was guilty of contributory negligence, to say anything about what the law required of her in that regard as a condition of her right to recover. As to the first subject mentioned the instructions might better have been confined to an explanation of what constitutes a reasonably safe highway, and a statement that the burden of proof was on the plaintiff to satisfy the jury that the highway in question did not come up to that standard. As to the second subject mentioned, the instructions might better have been confined to a clear state-

ment of what constitutes ordinary care, and an instruction that the burden of proof, to show that the person alleged not to have come up to that standard did not do so in fact, was on the party so alleging. Of course it was proper at some point in the instructions to explain the term "burden of proof" as used in respect to the questions. To give the special verdict statute the full beneficial significance which the law-making power designed it should have in the administration of justice, care should be taken not only to so frame the verdict that it will contain a question as to each material issue of fact raised by the pleadings and controverted on the evidence, and contain no other question, but to confine the instructions to such explanations of such questions, directed thereto specifically, as will enable the jury to intelligently answer the same, leaving the legal result to be determined thereafter. It must be easily seen that a charge so framed as to inform the jury what will be the legal result of an answer one way or the other as to each question, comes dangerously near having the vice of a general charge in connection with a special verdict, which has been repeatedly condemned.

The foregoing covers all the questions which we deem of any special importance in the case in any view of it. The judgment must be reversed because the evidence shows conclusively contributory negligence on the part of the plaintiff.

*By the Court.*—The judgment is reversed and the cause remanded for a new trial.