COPPINS, Respondent, vs. TOWN OF JEFFERSON, Appellant.

*December 15, 1905—January 9, 1906.*

*Highways: Injury from obstruction near traveled track: Contributory negligence: Knowledge of defect: Deviation from traveled way: Instructions to jury: "Ordinary care."*

1. In an action for injuries sustained by plaintiff while driving at night by reason of the wheels of his vehicle striking an obstruction within the limits of the highway and close to the traveled track, it appeared that plaintiff knew of the obstruction, but there was evidence tending to show that it was so dark that neither the obstruction nor the exact course of the horse could easily be observed, that he supposed he had passed the obstruction, and that he had been engaged in conversation with a friend who was following in another vehicle. *Held,* that it was a question for the jury whether plaintiff was negligent in not paying more efficient attention to the defect.

2. An instruction in such action, that "if a traveler leaves a traveled track which is in a reasonably safe condition, without

cause or necessity therefor, and goes outside thereof, and thereby receives an injury from some cause outside of the ·traveled track, he will be deemed guilty of contributory negligence," was misleading and erroneous. Such rule is applicable only to the case of an actual leaving of the traveled way—voluntarily and without reasonable cause turning aside and going wholly or substantially out of such way,—resulting in an injury by reason of the existence of an object not rendering the traveled track itself unsafe.

3. A definition of ordinary care as "such care as persons of ordinary prudence and intelligence exercise under the same or similar circumstances," is *held* not to have been erroneous because of the failure to use the word "usually" or other word of similar import before the word "exercise," since the expression used suggests by reasonable, if not necessary, inference the idea of the usual conduct of such persons.

4. Failure to instruct the jury as to the burden of proof is not error where no instruction on the subject is requested.

5. Refusal to give requested instructions upon subjects fairly covered by the general charge is not error.

APPEAL from an order of the circuit court for Jefferson county: B. F. DUNWIDDIE, Circuit Judge. *Affirmed.*

Action to recover for personal injuries alleged to have been caused by the negligence of the defendant in respect to the safety of one of its highways.

The defect complained of consisted of a pile of stone within the limits of the highway on the westerly side of the traveled track so near thereto that, in view of the fact that such track necessarily diverged somewhat easterly from a direct line in passing the same, a traveler driving a horse, or horses, drawing a vehicle at that point, in the nighttime would be liable to cause a collision between such vehicle and the obstruction. Plaintiff claimed that such condition of the highway had existed for more than a year prior to the 10th day of October, 1903; and that in the nighttime of said day, while he, in the exercise of ordinary care, was driving a horse drawing a road cart, in which he was riding, by the obstruction, the right wheel of the cart collided with a stone forming part of such obstruction, which stone was within a few inches of the wheel

track, by reason of which he was thrown upon the stone pile and dragged by the horse a considerable distance, severely injuring him. The facts in regard to the matter were stated in the complaint by proper allegations with all essentials to make out a cause of action against the defendant. The latter answered, denying that plaintiff was injured through any negligence on its part, and pleaded contributory negligence.

The cause was submitted to the jury with instructions, resulting in these special findings: (1) The highway at the time and place where plaintiff was injured was not reasonably safe for public travel by persons in the exercise of ordinary care. (2) The insufficient condition of the highway was the proximate cause of such injury. (3) Want of ordinary care on the part of the plaintiff contributed to his injury. (4) Two thousand dollars will be required to compensate plaintiff for his injury.

Plaintiff moved the court to set the verdict aside and grant a new trial for errors in giving and refusing instructions. The motion was granted and the defendant appealed.

*R. B. Kirkland,* for the appellant.

For the respondent there was a brief by *Rogers & Rogers,* attorneys, and *Burr W. Jones,* of counsel, and oral argument by *W. H. Rogers* and *Mr. Jones.*

Marshall, J. The first proposition submitted for consideration on behalf of appellant is this:

"Notwithstanding the fact, if it be a fact, that the trial court committed reversible error in its charge to the jury on the subject of contributory negligence, still the motion of defendant for judgment should have been granted for the reason that the evidence shows that the plaintiff was guilty of contributory negligence as a matter of law."

That is grounded on the undisputed evidence that respondent was perfectly familiar with the condition of the highway and did not bear it in mind as he approached the stone pile and drive his horse with a view of avoiding the danger of his

vehicle colliding therewith.    The rule is invoked that if a person using a public way knows of a dangerous defect therein and is injured by coming in contact therewith notwithstanding such knowledge, the legal presumption of fact, in the absence of evidence sufficient in some reasonable view thereof to rebut it, is that he either remembered such defect or was guilty of want of ordinary care in not doing so, and that the injury happened by reason of his contributory negligence.    *Cuthbert v. Appleton,* 24 Wis. 383; *Wheeler v. Westport,* 30 Wis. 392; *Simonds v. Baraboo,* 93 Wis. 40, 67 N. W. 40; *Crites v. New Richmond,* 98 Wis. 55, 73 N. W. 322; *Collins v. Janesville,* 111 Wis. 348, 356, 87 N. W. 241, 1087; *Devine v. Fond du Lac,* 113 Wis. 61, 66, 88 N. W. 913; *Seaver v. Union,* 113 Wis. 322, 330, 89 N. W. 163; *Collins v. Janesville,* 117 Wis. 415, 427, 94 N. W. 309.

As said in the first *Collins Case,* the presumption mentioned is one which yields readily to any reasonable explanation of the failure to avoid the defect, so as to carry the case to the jury on the subject of contributory negligence.    Perhaps as good an illustration of the rule last stated as can be found in any case is in *Crites v. New Richmond, supra.*    A person of mature years walking upon the sidewalk in the daytime stepped into a hole in the decking and was injured. He was perfectly familiar with the defect and considered it dangerous.    Had he paid attention to the matter as he proceeded the hole could not have escaped his notice.    He was caused, momentarily, to direct his attention away from his line of travel by reason of a person calling to him from the opposite side of the street.    While his attention was so diverted the accident happened.    In the second *Collins Case* the person received her injury by stepping into a hole in a sidewalk while traveling thereon.    She was familiar with the defect and it would necessarily have attracted her attention if she had looked where she was going.    Her attention was momentarily diverted by endeavoring to discover where

a child had gone, who, an instant before, was on the walk before her but had disappeared. Further, she thought the defect was a little farther on.

In view of the above authorities it is considered that there was evidence from which the jury might fairly have decided that respondent was excusable for not paying more efficient attention to the defect causing his injury. The obstruction was so near the wheel track that if the horse in passing traveled on the side next thereto the wheel on such side was liable to leave the track and reach it. It was a dark night,—so dark that a person was liable to drive past the obstruction without observing it. One circumstanced as respondent was in approaching the defect could not readily have observed nearby objects with reasonable distinctness. He did not forget the existence of the defect. He was mistaken as to whether he had passed it or not. For some time before the accident he had been, at intervals, engaged in conversation with a friend, who was following him driving a horse drawing a covered carriage. Those circumstances, it seems, amply justified the court in sending the case to the jury. True, respondent's attention was not diverted from the region of the defect by anything outside thereof, but the conditions were such that neither the obstruction nor the course of the horse, as regards keeping exactly in the proper line of travel so as to avoid it, was readily observable. By reason of the darkness opportunity for observing the obstruction or the exact course of the horse was efficiently interfered with, and there was interference also as to observing other objects, which was liable to cause a mistake on the part of respondent respecting his exact location with reference to the defect. All these matters must for the purposes of testing the error assigned be considered as established, since the jury might have so found the facts from the evidence. Probably it is within the experience of most men who have driven a single horse on a country road on a dark night that the animal would frequently

take one side of the track or the other causing the vehicle upon the side of divergence to leave the track without the driver being immediately conscious of it, rendering liable a collision with obstructions slightly outside thereof, in case of there being any.

Counsel's next and only other proposition may be stated thus: The court did not commit harmful error in respect to charging on the subject of contributory negligence. Therefore, conceding for the purposes of argument that there was evidence sufficient to carry the question in that regard to the jury, defendant's motion for judgment on the verdict should have been granted.

In answer to that respondent's counsel point to this language of the court's instructions as fatally erroneous:

"By the words 'ordinary care,' as used in this question, is meant such care as persons of ordinary prudence and intelligence exercise under the same or similar circumstances."

The suggested infirmity consists of failure to use the word "ordinarily," or "usually," or "customarily," or some word of like import after the word "intelligence."

Counsel refers to *Schrunk v. St. Joseph,* 120 Wis. 223, 97 N. W. 946, as justifying his contention. We are unable to discover that the citation supports such contention. The language in that case is this:

"If you find that a person of ordinary intelligence and prudence would do what the plaintiff did, then she was free from contributory fault."

It was said, among other things, the fact that a person of ordinary care on a particular occasion assumed a risk and received a personal injury would not suggest necessarily that his conduct was consistent with ordinary prudence. The court gave as the correct test as to any particular situation this: "Would a person of ordinary intelligence and prudence under the same or similar circumstances so conduct himself?"

Now, it may be that the better way to define ordinary care is by some phrasing that will expressly convey the idea of the ordinary conduct of the great mass of mankind. It is believed that in most of the decisions here, where attempts were made to correctly define the term, that element has been expressly incorporated in the language used. The following are instances: *Duthie v. Washburn,* 87 Wis. 231, 58 N. W. 380; *Nass v. Schulz,* 105 Wis. 146, 81 N. W. 133; *Schrunk v. St. Joseph, supra; Rylander v. Laursen,* 124 Wis. 2, 102 N. W. 341; *Pumorlo v. Merrill,* 125 Wis. 102, 103 N. W. 464; *Eastern R. Co. v. Tuteur,* 127 Wis. ——, 105 N. W. 1067. The following are instances where that was not done: *Dreher v. Fitchburg,* 22 Wis. 675; *Olwell v. Milwaukee St. R. Co.* 92 Wis. 330, 66 N. W. 362; *Hanlon v. Milwaukee E. R. & L. Co.* 118 Wis. 210, 95 N. W. 100; *Dehsoy v. Milwaukee E. R. & L. Co.* 110 Wis. 412, 85 N. W. 973. In *Pumorlo v. Merrill, supra,* those cases are referred to and instructions not having therein, expressly, the element of the ordinary conduct of the ordinarily prudent man were approved as free from harmful error, but it was said that ordinary care in the abstract is such care as the great mass of mankind generally exercise, and that as applied to officers it is the care generally exercised by such officers as a class.

A general review of the subject shows that the court has uniformly held that the element under discussion must be present, expressly or impliedly, in any accurate definition, but that the language "such care as ordinarily careful persons exercise" suggests by reasonable, if not necessary, inference the idea of the conduct of such persons generally. If one wishes to define ordinary care in respect to a person's conduct in any particular circumstance, leaving nothing to be inferred, it is believed that this language would fully meet the case: Such care as the great mass of mankind ordinarily exercise under the same or similar circumstances.

Respondent's counsel insist that the court erred in failing

to instruct the jury on the subject of the burden of proof. No instruction in that regard was requested. That being the case, under the established practice the failure to do so must be deemed to have been waived. *Seyring v. Eschweiler,* 85 Wis. 117, 55 N. W. 164; *Lampman v. Van Alstyne,* 94 Wis. 417, 69 N. W. 171.

A further suggestion is made that prejudicial error was committed in refusing to give a specific requested instruction to the effect that defendant was bound to keep the highway reasonably safe for ordinary travel by persons using ordinary care by night as well as by day; and further by failing to give a specific requested instruction to the effect that plaintiff's knowledge of the highway did not create any conclusive presumption of want of ordinary care in failing to avoid it. In our view, both ideas were fairly covered by the general charge.

This instruction is called to our attention as one which would have worked a reversal of the judgment, had one been rendered in defendant's favor:

"If a traveler leaves a traveled track which is in a reasonably safe condition, without cause or necessity therefor, and goes outside thereof, and thereby receives an injury from some cause outside of the traveled track, he will be deemed guilty of contributory negligence."

The court in giving that probably had in view language in *Boltz v. Sullivan,* 101 Wis. 608, 615, 77 N. W. 870, without appreciating the fact that as there used it referred to a situation where the injury was not caused by colliding with something which was a defect in the highway, but by leaving the highway, which was reasonably safe, and thereby reaching the obstruction. The instruction given was harmful in two aspects. It is not the law that the mere leaving of the traveled track, which is reasonably safe, raises a presumption of negligence. Under any one of many conditions that could be suggested, such mere deviation from the customary and

usual route of travel might not suggest any negligence whatever. In the instant case the fact that the horse turned aside from the course which would have kept the wheels of the vehicle in the wheel tracks did not of itself suggest negligence of the driver, necessarily, since it was so dark that he most likely depended somewhat on the fidelity of the horse to keep in the proper course, and there was no actual leaving of the highway to reach the defect.

The rule is, as respondent's counsel suggest, that it is the voluntary turning aside by a traveler from the customary and reasonably safe route of travel prepared for that purpose, to one which is unsafe, or in a course where there is no traveled track at all, and thereby colliding with some object or in some other way causing a personal or other injury, which creates a presumption of fact that the person guilty of the fault failed to exercise ordinary care. It is where a person with some degree of deliberation chooses between the safe and the unsafe way, or carelessly chooses the latter, that he is at fault. *Welsh v. Argyle,* 89 Wis. 649, 62 N. W. 517; *Sladky v. Marinette L. Co.* 107 Wis. 250, 83 N. W. 514, and similar cases. Charging on the subject of leaving the track at all, as if the rule as to choosing between two routes of travel, or the rule as to actually leaving the traveled track and reaching the object immediately causing the injury as in *Gorr v. Mittlestaedt,* 96 Wis. 296, 71 N. W. 656, was applicable, was highly misleading, as the facts of the case did not call for any such instruction. Where a highway is not reasonably safe because of some obstruction so near to the traveled track that a slight deviation of a vehicle drawn by a horse, from the proper course, such as might probably occur by the mere shying of the animal or his failing to make a sharp curve in the road so as to keep the wheels of the vehicle in their proper places would reach it, such a deviation is not a leaving of the track prepared for travel. The rule which the learned court gave to the jury only applies in a case of an actual leaving of

the place prepared for travel—voluntarily and without reasonable cause turning aside and going wholly or substantially out of such way,—resulting in an injury by reason of the existence of an object not rendering the traveled track itself unsafe.

Some other matters are referred to and discussed in the briefs of counsel which do not seem to be of sufficient moment to require treatment in this opinion. Enough has been said to indicate clearly that the order setting aside the verdict and granting a new trial cannot be regarded as erroneous.

*By the Court.*—The order is affirmed.