Chase vs. Blodgett Milling Co.

---

Chase, Respondent, vs. Blodgett Milling Company, Appellant.

*October 16 — November 5, 1901.*

*Negligence: Shelling popcorn: Evidence: Instructions to jury: Ordinary care: Acceptance after examination.*

1. In an action to recover damages for negligence and unskilfulness in shelling popcorn, by reason of which it was rendered unfit for popping and worthless except for feed and was returned from Chicago

where it had been shipped, evidence that corn from the same crib, raised the same year, and in the same condition, had been shelled in good condition for popping by other parties with cornshellers of the same or similar construction, and that the corn so shelled had been accepted in Chicago and had popped well, was admissible as tending to prove that the corn shelled by defendant might, with proper care, have been shelled so as to be fit for popping.

2. Defendant's foreman testified that, in plaintiff's presence, before beginning the work, he adjusted the rollers of the sheller, which were then closed, so that they were opened as wide as possible. Plaintiff's evidence tended to show that the adjustment had been changed after a portion of the corn had been shelled. *Held*, that it was not error to refuse to allow the foreman, after being recalled, to testify as to how the rollers were before he first adjusted them.

3. Where a witness had testified to hearing a remark made by plaintiff to the foreman in defendant's mill, and other witnesses had testified fully as to the amount of noise and difficulty of hearing in the mill, it was not error to refuse to allow the foreman to testify as to whether the remark could have been heard by such witness.

4. A refusal to instruct that "if the plaintiff was present when the corn was shelled, and saw some of it, and had an opportunity to examine all of it, and afterwards took possession of all of it, and removed it from the mill of the defendant, and then paid for the shelling, and made no objection to it on account of its being broken or injured in shelling, such taking possession of the corn and removing it was an acceptance of the corn, and he cannot recover in this action any damages for the broken condition that was apparent when he removed it," is *held* not to have been erroneous where there was evidence tending to prove that three bags of the corn shelled by defendant were in a proper condition for popping; that the balance (about thirty bags) was badly cracked; and that plaintiff's examination was confined to the three bags which were good.

5. An instruction that ordinary care means "such care as a person of ordinary prudence and skill would usually exercise under the circumstances," is *held* not erroneous.

APPEAL from a judgment of the circuit court for Rock county: B. F. DUNWIDDIE, Circuit Judge. *Affirmed.*

For the appellant there were briefs by *Jackson & Jackson*, and oral argument by *A. A. Jackson.*

For the respondent there was a brief by *Smith & Pierce*, and oral argument by *William Smith.*

CASSODAY, C. J.   This is an action to recover damages, as
alleged, for failure to shell a quantity of corn in a good,
careful, and workmanlike manner so as to be in a suitable
condition to be popped, and to do the work of shelling as
well as any one could do it for that purpose, as agreed; that
the defendant received the corn and undertook to shell the
same, pursuant to such agreement, for the purposes afore-
said, and did actually shell the same, but in such a careless,
negligent, and unskilful and unworkmanlike manner that
the kernels were so cracked, crushed, and broken as to be
entirely unfit for the purpose mentioned, and by such shell-
ing became entirely worthless except for feed. The answer
is a general denial. At the close of the trial the jury re-
turned a verdict in favor of the plaintiff, and assessed his
damages at $32. From the judgment entered thereon the
defendant appeals.

The evidence on the part of the plaintiff tends to prove
the contract so alleged in the complaint, and the breach of
the same by the defendant, and that the corn so shelled was
shipped to Chicago and returned, and that not more than
one eighth of the same would pop.

1. Error is assigned because the court admitted evidence
tending to prove that corn taken from the same crib, and
raised the same year, and in the same condition, had been
shelled by other parties in good condition for popping, by
automatic cornshellers,— one of them being of the same
construction, and working upon the same principle, as the
defendant's cornsheller in question; and that the corn so
shelled by such other persons had also been shipped to
Chicago, but had not been returned. We perceive no error
in such rulings. It seems to have been an appropriate
way of proving that the corn so delivered to and shelled
by the defendant was in a suitable condition to be shelled,
with proper care, so that the same could be popped. It
was also proper to identify and distinguish the corn so

shelled by the defendant and shipped to Chicago, from the corn so shelled by such other persons and shipped to Chicago. What has been said covers the second assignment of error — for admitting evidence tending to prove that the corn so shelled by such other persons popped well.

2. The defendant's foreman, Yarger, testified that the plaintiff did not say in his presence or hearing: " For God's sake, don't smash my corn, or it won't be worth a dollar to me!" nor anything in substance like that. The plaintiff testified to the effect that he so remarked to the defendant's foreman when he first came into the mill, upon examining a bag partly full, which Yarger told him was feed that came down from the corn they had been grinding. The plaintiff's witness Brown testified that the bag so referred to by the plaintiff contained " cleanings of the elevator that had come down ahead of the corn" of the plaintiff, and his witness Kinney testified to the effect that he heard the plaintiff make such remark to the defendant's foreman. Error is assigned because the court refused to allow such foreman to testify whether, standing where they did, Kinney could have heard such remark with the machinery in motion, or if made in an ordinary conversation, or at all. We perceive no error in such rulings. The defendant's foreman and another witness had both fully testified in regard to the amount of noise and the difficulty of hearing in the mill. The question whether Kinney could or could not have heard such remark was for the jury, under the circumstances in evidence.

3. Error is assigned because the court refused to allow the defendant's foreman, after being recalled, to testify as to how the rollers were adjusted before he adjusted them in the plaintiff's presence at the time of beginning the work on the corn in question. The witness had just before testified that when the plaintiff came the rollers were closed, and that they then began to open them. He had testified

before he was recalled that the first thing he did after the plaintiff came, and when he "got into the mill, was to open the feed rolls;" and that he then turned the "hand wheels" as far as possible, with the help of the witness Carney; and that the rollers were wide open enough to allow corn to pass through without being affected by the rollers; that they were three eighths of an inch apart. We perceive no reversible error in such ruling. The plaintiff does not contend that the rollers were not so closed when the foreman first began to so turn the screws, but insists that, if he then opened them as wide as he could, then when he subsequently changed them he must have narrowed the opening through which the corn had to pass. There is evidence tending to prove that the screws had been changed after a portion of the corn had been shelled.

4. Error is assigned because the court refused to grant a nonsuit or to direct a verdict in favor of the defendant. There is dispute about the condition of the corn. The plaintiff contends that, although the defendant disclaimed any experience in shelling corn for the purpose of popping, yet it claimed that it could do so as well as the persons named, who had previously shelled corn for such purpose for the plaintiff; and that the defendant directed the plaintiff to bring on his corn to be shelled by the defendant. The defendant disclaimed any experience in shelling corn for the purpose of popping, and claimed that it had never advertised or given the public to understand that it was engaged in shelling corn for such purpose; but that its machinery was proper for shelling corn, and had been used for that purpose for several years. The defendant's foreman testified substantially to the same facts, and also that when they had weighed one wagon load of the plaintiff's corn they dumped it down, and put a portion of the corn in, so as to see if they were able to get the corn through the roller and cleaner and feed mill into the bag in a satisfactory condition to the

plaintiff; that, after a part of it was so put through, they examined it, and the plaintiff told them to go ahead and put the rest of it through, and that as far as he could see the shelling was satisfactory, and to go ahead and dump it and get through with it.   Such different claims and contentions were questions of fact for the jury.   There appears to be sufficient evidence to sustain the verdict.   This being so, we would not be justified in disturbing it.

5. Error is assigned because the trial court instructed the jury that "when the defendant company undertook to shell the corn, it was its duty to use ordinary care in the shelling; and by the term 'ordinary care' I mean such care as a person of ordinary prudence and skill would usually exercise under the circumstances."   And again, that "if you are unable to say, after a fair and impartial consideration of the evidence in the case, under the instruction of the court, whether or not the corn was injured by the defendant in the shelling, so that it would not pop, by the failure of the defendant to exercise ordinary care, as hereinbefore defined, then the plaintiff cannot recover, because, as I have said, the burden of proof is upon the plaintiff to satisfy you, by a preponderance of the evidence, that it was so injured." The only criticism upon such portions of the charge is that they "fixed the criterion of ordinary care upon a person, instead of upon the mass or majority of people."   In support of such contention counsel cite *Duthie v. Washburn*, 87 Wis. 233, and *Hennesey v. C. & N. W. R. Co.* 99 Wis. 109, 118. In the first of these cases the language of the charge condemned contained the words "such care as people ordinarily use," "as a person would ordinarily use"; and in the other case the charge contained the words "such care as the ordinary person uses in the transaction of the ordinary affairs of life."   Here the language of the charge is "such care as a person of *ordinary prudence and skill* would usually exercise under the circumstances."   This language is a substantial

compliance with the rules sanctioned in the cases cited, as well as other and more recent cases in this court. *Olwell v. Milwaukee St. R. Co.* 92 Wis. 334; *Boelter v. Ross L. Co.* 103 Wis. 330; *Nass v. Schulz*, 105 Wis. 150, 151. In the case last cited the distinction suggested is pointed out, and numerous cases cited in support of it.

6. Error is assigned because the court refused to instruct the jury that, "if the plaintiff was present when the corn was shelled, and saw some of it, and had an opportunity to examine all of it, and afterwards took possession of all of it and removed it from the mill of the defendant, and then paid for the shelling, and made no objection to it on account of its being broken or injured in shelling, such taking possession of the corn and removing it was an acceptance of the corn, and he cannot recover in this action any damages for the broken condition that was apparent when he removed it." At the close of the charge to the jury the court was requested orally "to instruct the jury with reference to the acceptance" after the plaintiff had an opportunity to examine the corn, but declined on the ground that no written instruction on that question had been submitted to the court. After the jury had gone out with the officer, counsel for the defendant, upon the suggestion of the court, prepared and submitted to the court the written instruction so refused, and the jury subsequently returned into court for further instruction, when the court refused to give such written instruction, not upon the ground that it came too late, but upon the merits. We assume, for the purpose of this case, that such request to charge was made in time. The question recurs whether it was properly refused on the merits. There is evidence tending to prove that three bags of the corn so shelled by the defendant was in a proper condition for popping, and that the balance (some twenty-nine or thirty bags) was so cracked and broken that not more than one

eighth of it would pop; and that the plaintiff's examination was confined to the three bags which were good. The instruction so requested would have relieved the defendant of liability if the jury found that the plaintiff took possession of all the corn and removed it, and without objection paid for the shelling, even though he was entirely ignorant of the actual condition of the twenty-nine bags of the corn which the evidence on his part tended to prove were bad. In other words, if the jury found that the plaintiff "had an opportunity to examine all of" the corn, but failed to do so as to twenty-nine bags of the corn, yet that the consequences to him were the same as though he knew the actual condition of all the corn in each of the twenty-nine bags, when he paid for the shelling without objection. That is to say, the defendant was relieved of all liability for its negligence if the plaintiff failed to examine and ascertain the contents of every bag before paying for the shelling. True, the last part of the instruction only precluded the plaintiff from recovering "any damages for the broken condition that was *apparent* when he removed" the corn; and yet that was to be based upon a supposed finding of the jury that the plaintiff only "saw some" of the corn, and "had an opportunity" of examining all of it. One definition of the word "apparent" is "capable of being seen, or easily seen." The most that it could mean, as used in the instruction, is that the "broken condition" of the corn was "capable of being seen" by any one who examined the contents of every one of the twenty-nine bags that were bad. It is to be remembered that the corn belonged to the plaintiff. He had merely taken it to the defendant's mill to be shelled. He was bound to remove it whether it was properly shelled or not. The fact that he took possession of the corn, and removed it from the mill, therefore, is without significance. We must hold that the plaintiff was not precluded from recovery

merely by paying for the shelling under the circumstances named in the instruction. The motion to set aside the verdict and grant a new trial was properly denied.

*By the Court.*— The judgment of the circuit court is affirmed.