Wagner, J.
On March 18, 1919, the defendant, a fur manufacturer, delivered to the plaintiff, which was engaged in the business of dyeing furs and skins, fifty dressed red fox skins for the purpose of dyeing them. Upon their delivery back to defendant, after dyeing and the discovery that they had been damaged, the defendant resisted plaintiff’s suit brought to recover for services rendered. Its claim is that although the hair of the skins had been properly changed to the color agreed upon, in the process of dyeing the plaintiff had so spoiled the hide or leather as to render them useless and of no value. It is not disputed by the plaintiff that the skins when returned were in bad condition, but it is insisted that such condition was due to the dressing process of the skins by another which preceded the dyeing process performed by it. Its contention was that it had properly performed its engagement for dyeing but that the hardness and brittleness which developed in the leather skins was by reason of an excessive use of acid in the previous dressing, which would not manifest itself in result until subjected to heat in the dyeing process when it would become intensified and burn the leather; the determinative issue of the case whether or not the plaintiff had properly performed the services for which it demanded compensation, was sharply contested and presented a clear question of fact for the jury,' *626 with whose judgment we would he undisposed to interfere were it not for the fact that we think the learned trial justice committed error in excluding certain testimony offered hy defendant hearing upon the issue and which we think was a matter of proper consideration by the triers of fact.
• The testimony offered was to prove the fact that the dressing of the skins directly involved in the suit could not have been responsible for their spoiled condition because other skins belonging to the same lot and dressed by the same dresser at the same time and in the same chemical liquid had been sent to other dyers and had resulted in proper dyeing with no injury thereof to the leather. In other words, it was conceded that the skins were apparently in good condition when delivered to the plaintiff, but that they were in a damaged condition when returned by it; that for this condition there must have been some cause, which the plaintiff insisted was the dressing. We think this testimony might have been to a degree both cogent and convincing in the matter of disputing the plaintiff’s claim that the dressing was to blame, and admissible for that purpose.
It is, of course, well-established law that in the trial of cases, courts must be zealous in their care to exclude from the consideration of the jury, extraneous and collateral matter not pertinent to the real issue at trial. But this evidence was not calculated to distract the jury and lead to the trial of a multiplication of issues which the above rule attempts wisely to prevent. Here the plaintiff’s witnesses were agreed that the dyeing by any process could not have led to the results found in the skins. So that the defendant did not propose to prove that the plaintiff’s dyeing process was an improper one by comparing it with the dyeing processes used by other furriers. It *627 was merely attempting to dispute the plaintiff’s claim that it was the dressing alone that was responsible for the condition of the skins. The plaintiff, not contenting itself with explaining to the jury its own process, and proving that such process is a proper one, went a step further and attempted to point out' the specific fault which it claimed v/as latent in the skins. The testimony offered was certainly of some value in disputing that claim. It tended to negative the existence of the specific latent defect which the plaintiff relied upon and we think it should have been submitted to the jury. Evans v. Keystone Gas Co., 148 N. Y. 112; Chase v. Blodgett Milling Co., 111 Wis. 655.
We are further fortified in our view that the exclusion of this evidence was erroneous by the fact that the trial court permitted the plaintiff to show the effect of the same dyeing process used by it upon skins other than those involved in the present suit.
Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.
Guy and Finch, JJ., concur.
Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide event.