SEYRING, Respondent, vs. ESCHWEILER, Appellant.

*April 13 — May 2, 1893.*

*Instructions to jury: Evidence: Immaterial error.*

1. The failure to give an instruction for which there was no request was not error.
2. The rejection of a proper question was an immaterial error, where the whole ground of the question had been covered by the testimony just given by the same witness, and his answer could not have strengthened the case.

APPEAL from the Superior Court of *Milwaukee* County. Plaintiff is a surveyor, and did professional work at the request of defendant, worth $25. This action is to recover therefor. It was commenced in justice's court, and appealed to the superior court. The defense is that the work was done for a corporation known as the Cement Land Company, and not for the defendant. The defendant admits that he engaged plaintiff to do the surveying, but testified that he informed him at the time that the work was to be done for and on account of the Cement Land Company and not the defendant. The plaintiff testified that defendant did not so inform him, and that he did the

work without knowing that the Cement Company had any interest in it. On this testimony the court instructed the jury that if the credit was given to the Cement Company the defendant is not liable, but if given to defendant he is liable to pay for the work. No instruction was proposed on behalf of the defendant, and no other question was submitted to the jury. The jury returned a general verdict for the plaintiff for the amount of his claim. The defendant appeals from the judgment against him entered pursuant to the verdict.

For the appellant there was a brief signed by *W. J. Kershaw*, attorney, and *F. C. Eschweiler*, in person, and oral argument by *Ernest Bruncken*.

For the respondent the cause was submitted on the brief of *Dr. J. Thiemann*.

LYON, C. J.   Undoubtedly the court instructed the jury correctly on the law of the case, for, if the jury believed the testimony of the plaintiff (as they manifestly did), a verdict for him was the inevitable result. It might have aided the jury had the court stated to them the rules of law by which they were to determine to whom the credit was given — as, that if defendant told plaintiff when he employed him that the work was to be done for the Cement Company, and did not agree to be personally responsible therefor, the jury should find that the credit was given to the Cement Company. But the court was not asked to give such instruction, and the failure to do so is not error.

The plaintiff objected to the following question put to the defendant in his own behalf when testifying as a witness: "Did you give any notice that you were an agent of the Cement Land Company?" The objection was sustained. We have had some trouble with this ruling, and it illustrates the danger and folly of unfounded objections to testimony, for in the hurry of the trial the court

will sometimes inadvertently sustain them, and thus endanger a judgment recovered by the objecting party, as happens in this case. The question was a proper one, and but for a single consideration its rejection would work a reversal of the judgment. Just before the question was put the defendant testified that he told plaintiff, when he employed him to do the surveying, that it was to be done on the land of the Cement Company, and that he (defendant) was not personally liable for the work. This testimony covers the whole ground of the rejected question and of the defense; and the answer to such question, had the court allowed it to be answered, could not have strengthened the defense. The ruling was, therefore, quite immaterial, and could not have prejudiced the defense.

The foregoing are the only errors of law alleged. The bill of exceptions does not purport to contain all the testimony, but only so much thereof as is necessary to present the questions of law arising on the trial. Hence we cannot review the case on the facts.

· *By the Court.*— The judgment of the superior court is affirmed.