Miles, Administrator, Appellant, vs. Stanke and another, Respondents.

*March 12—April 1, 1902.*

*Landlord and tenant: Covenants of lessee against negligent injury: Opinion evidence: Trial: Instructions to jury.*

1. In an action to recover of a tenant for negligence, alleged to consist in leaving an awning hanging down in a storm, whereby it was blown against and broke a plate-glass window, the question of negligence is for the jury, and it is not error to exclude the opinion of a witness that it was dangerous to do so.

2. In such case it is not prejudicial error to submit to the jury the question of whether the window was broken through the negligence of the tenant, nor to instruct that the burden of proof on the question of negligence was on the tenant, and, if they found that the tenant was negligent and such negligence was the proximate cause of the breaking of the window, the plaintiff should recover, otherwise the tenant.

3. The mere failure to give an instruction for which there was no request is not error.

Appeal from a judgment of the circuit court for Ashland county: John K. Parish, Circuit Judge. *Affirmed.*

*J. J. Miles,* appellant, *in persona.*

For the respondents there was a brief by *Lamoreux & Shea,* and oral argument by *W. F. Shea.*

CASSODAY, C. J.   It appears from the record, and is undisputed, that May 11, 1899, the plaintiff's intestate, Ervin Leihy, made a written lease of the building and lot therein described to the defendants under their firm name of Robert F. Stanke & Co., as expressed in the lease, "for the term of one year from June 1, 1899, or as soon thereafter as the building is fit for occupancy, for the annual rent of $720, to be paid in even and equal proportions on the 1st day of each and every month; the first payment to be made on the 1st day of June, 1899, or as soon as the building is occupied;" and the defendants therein also agreed "to keep the same in as good repair as the same are in at the commencement of said term (reasonable use and wear thereof and damage by fire or other unavoidable accidents not happening through the neglect of the lessee only excepted)." It is undisputed that June 30, 1899, the defendants gave their check to the plaintiff, who was then acting as the agent or attorney for Leihy in the transaction, for $60, on account of such rent, and stating therein, "Rent starting July 1, '99;" and the check was indorsed on the back by the plaintiff. August 1, 1899, the defendants gave to the plaintiff another check on account of such rent for $60, stating therein, "Rent ending August 31, '99." Such payments for rent were made by check at the beginning of each month until June 1, 1900, when the defendants gave a check to the order of Leihy for $60. That check was returned to the defendants with this indorsement:

"This check is returned for the reason your lease expires—terminates—June 24th, and I expect possession of the building at termination.                           E. LEIHY,

"per MILES, Agt."

This action was commenced in justice's court July 25,

1900, to recover $60 as the last instalment of rent due on the lease June 1, 1900, and $61.70 for negligently breaking a plate glass in the front of such building. The defendants answered to the effect that the building was not fit for occupancy until July 1, 1899; that the rent had all been paid on the lease as the same became due from month to month until June 1, 1900; that on that day the defendants gave Leihy their check for $60 in payment of the last instalment of rent, and that the same was returned with the indorsement mentioned; that such tender of that month's rent was brought into court, and kept good, and that the same had been paid and accepted by the plaintiff. As to the alleged cause of action for the broken glass, the defendants answered to the effect that they had kept the premises in as good repair as the same were at the commencement of the term, as stipulated in the lease, and otherwise denied each and every allegation contained in the amended complaint. The plaintiff recovered $60 damages in the justice's court, and on appeal to the circuit court the cause was retried, and at the close of such trial the court submitted two special questions to the jury; and the jury returned answers to the same, which, with the general verdict, are to the effect: (1) That it was finally agreed that the lease for a year of such premises should begin to run the 1st day of July, 1899; (2) that the said plate-glass window was not broken through the neglect of the defendants, or either of them; (3) "and, further, we find for the defendants and against the plaintiff, 'No cause of action herein.'" From the judgment entered thereon accordingly the plaintiff brings this appeal.

The lease was for one year. It was to commence "June 1, 1899, or as soon thereafter as the building" should be "fit for occupancy." Sixty dollars rent was to be paid in advance "on the 1st day of each and every month, the first payment to be made" June 1, 1899, or as soon as the building should be fit for occupancy. If the building was fit for occupancy June 24, 1899, as claimed by the plaintiff, then the first

month's rent was payable at that time. If it was not fit for occupancy until July 1, 1899, then, as claimed by the defendants, the first month's rent was not payable until that time; and the year for which the premises were so rented would not expire until July 1, 1900. Confessedly, the first month's rent was paid by check June 30, 1899, stating therein, "Rent starting July 1, '99;" and the second month's rent was paid by check August 1, 1899, stating therein, "Rent ending August 31, '99." The jury found that it was finally agreed between the parties that the lease for the year should begin to run July 1, 1899, and not June 24, 1899, as claimed by the plaintiff. Such finding was sufficiently supported by the evidence. For the purposes of this case it is settled, therefore, that the term covered by the lease did not expire until July 1, 1900. There is no ground for the contention that the question so submitted was immaterial. Nor do we find any error in the charge of the court submitting the question.

The plaintiff claimed $61.70 as cost of replacing a glass broken in the front of the building by being struck by the awning in a severe windstorm in the night. It will be observed that by the provisions of one of the clauses of the lease, quoted above, the defendants were expressly exempted from any damage to the premises "by fire or other unavoidable accidents not happening through the neglect of the" defendants. Error is assigned because a witness on the part of the plaintiff, after testifying that he knew whether an awning was dangerous to windows or plate glass when left hanging down in a storm, but that before the happening of the catastrophe in question he had no special knowledge on that subject more than any other person or any other merchant, was precluded from testifying whether it was dangerous to leave an awning hanging down in a storm, so far as plate glass under the awning was concerned. We perceive no error in such ruling. The question was clearly for the jury. The jury answered that the

plate-glass window was not broken through the neglect of the defendants, or either of them. There is sufficient evidence to sustain such finding. The court charged the jury to the effect that the burden of proof on that question was upon the defendants; that, if either of the defendants was negligent, and such negligence was the proximate cause of the breaking of the window, then they should answer the question in the affirmative, otherwise in the negative; that they should not answer the question in favor of the defendants unless they were satisfied by a fair preponderance of the evidence that their alleged negligence was not the proximate cause of breaking the glass; that, if they found that the accident was not the result of the alleged negligence of the defendants, or either of them, which was the proximate cause thereof, or that it was by the act of God, then they should answer the question in the negative. We find no reversible error in such submission of the question or the charge of the court thereon. The finding of the jury on that question is sustained by the evidence. The contention that it should have been decided by the court in favor of the plaintiff, as a matter of law, is without foundation.

It is said that "the court should have at least instructed the jury what constitutes proximate cause." It is enough to say that counsel for the plaintiff made no request that the court should so charge the jury. *Murphy v. Martin,* 58 Wis. 276, 16 N. W. 603; *Austin v. Moe,* 68 Wis. 464, 32 N. W. 760; *Seyring v. Eschweiler,* 85 Wis. 117, 55 N. W. 164. We find no reversible error in the record.

*By the Court.*—The judgment of the circuit court is affirmed.