Dehsoy vs. The Milwaukee Electric Railway & Light Co.

Dehsoy, Respondent, vs. The Milwaukee Electric Railway & Light Company, Appellant.

*April 15 — April 30, 1901.*

*Street railways: Injury to passenger boarding car: Proximate cause: Instructions to jury: Exceptions: Material error: Costs: Printing.*

1. An instruction in a personal injury case, in substance, that proximate cause means the efficient or inducing cause, or what sets in motion other causes producing such injury, there being an intimate and close " casual " relation between the first cause and the final result, is erroneous: the relation must be that of cause and effect in natural sequence of events, not mere coincidence of time and place.
2. It cannot be assumed in such case that the use of the word " casual " instead of the word " causal " is a typographical error, since the bill of exceptions imports absolute verity, and the sentence is neither · meaningless, nor its meaning impossible or absurd.
3. Where plaintiff was injured, while boarding a street car, by reason of the sudden starting of the car, an instruction that, to warrant a finding that the injury was caused by a want of ordinary care on the part of the conductor, the jury must find that the accident might reasonably have been expected by the conductor, in the exercise of ordinary care as " a man of intelligence, having the knowledge that may be reasonably expected and ought to have

Dehsoy vs. The Milwaukee Electric Railway & Light Co.

been had" in doing such work, is erroneous, in that it submitted to the jury a false standard of the intelligence and prudence of the man by whose anticipation they might decide the element of probability, and permited them to use as such standard their ideal of what a conductor ought to be, instead of what he customarily is as ascertained by human experience and common knowledge.

4. Where the only exception to an objectionable part of an instruction to the jury is reserved in connection with other parts of the same instruction that are correct, material error cannot be predicated thereon.

5. Costs will not be taxed for printing voluminous parts of the testimony, as to which no question is raised on appeal, and instructions upon various questions, not assailed.

APPEAL from a judgment of the circuit court for Racine county: FRANK M. FISH, Circuit Judge. *Reversed.*

On the 10th day of December, 1899, the plaintiff attempted to board one of defendant's cars at a crossing in the city of Racine. As he had placed his right foot upon the step and seized the handrail with his right hand, the car was suddenly started, and the plaintiff thrown violently to the ground and injured. Some of these facts were in dispute, but the finding of the jury thereon is not assailed as unsupported by the evidence. A special verdict was had, wherein the defendant was found to be negligent in suddenly starting its car, and that such negligence was the proximate cause of the plaintiff's injury, and that the plaintiff was guilty of no contributory negligence. Damages were assessed at the sum of $1,300, and judgment entered upon the verdict, from which this appeal is taken. Facts bearing upon the specific assignments of error will appear more fully in the opinion.

For the appellant there was a brief signed by *Spooner, Rosecrantz & Spooner,* of counsel, and oral argument by T. M. *Kearney* and *C. P. Spooner.*

For the respondent there was a brief by *Smieding & Smieding,* attorneys, and *Wallace Ingalls,* of counsel, and oral argument by *Mr. Ingalls* and *Mr. William Smieding.*

DODGE, J.   The only error which will require discussion is that assigned to the charge of the court in instructing the jury as to the meaning of the term " proximate cause." That instruction was as follows:

" Generally speaking, as the term proximate cause is used in this question, it means the efficient or inducing cause, the cause acting directly and producing the injury, or what sets in motion other causes producing such injury, there being an intimate and close casual relation between the first cause and the final result.   In either case such producing cause is held to reach to the injury, and to be, in a legal sense, proximate to it.   But you are instructed in this connection that, in order that the want of ordinary care on the part of the conductor may be found to be the approximate cause of the injury, it is not enough to show, and for you to find, that such injury was a consequence of his act, but, to warrant such a finding, it must appear to your satisfaction from a preponderance of the evidence that it might reasonably have been expected by such conductor, in the exercise of ordinary care as a man of intelligence, having the knowl-edge that may be reasonably expected and ought to have been had in doing such work, that such accident might probably result from his conduct."

The first criticism of this charge is that it authorizes the jury to find defendant's negligence the proximate cause of plaintiff's injury if the relation between them is "casual." If that idea was in fact conveyed to the jury, obvious error was committed, for the relation must be that of cause and effect in natural sequence of events, not mere coincidence of time or place.   Of course, the proper word in the sentence complained of was " causal," not " casual," and we have little doubt the circuit judge intended to speak the former. If we were in a field permitting speculation, we should think it highly probable he did so, and that the contrary appears only by typographic error.   But we may not specu-late.   The bill of exceptions imports absolute verity.   It has been submitted to the respondent's attorneys for scru-tiny and correction, and thereafter the circuit judge has

himself certified to its correctness. Were the sentence, as written, meaningless, or its meaning obviously impossible and absurd, we might think misleading of the jury impossible. That, however, we cannot say. To the untrained lay mind it may seem by no means unreasonable that a close and intimate, though casual, relation between two events may, in law, be equivalent to proximate causation. The readiness of such minds to skip the chasm between *post hoc* and *propter hoc* has characterized human logic and philosophy for centuries, and to a jury might well seem authorized by the sentence under criticism.

A further complaint made of the charge is that it instructs the jury that they may find proximate causation if the injury " might reasonably have been expected by the conductor in the exercise of ordinary care *as a man of intelligence*, having the knowledge that may be reasonably 'expected and *ought to have* been had in doing such work." It is urged that only when such injury might have been expected by a man of *ordinary* intelligence and *under like circumstances* is there proximate causation in law. Without deciding that the omission of such qualifications is error, we are clear that the charge would have been more nearly accurate had it contained both of them. The standard with which comparison must be made to ascertain whether any injury might reasonably be anticipated is the conduct or foresight of ordinarily prudent, careful, and intelligent persons. The use of either of these adjectives without the qualifying adverb conveys the idea of something higher than the ordinary. A prudent man or an intelligent one is properly so characterized only because he is distinguished from the great mass of mankind by his prudence or intelligence. He is not typical of the mass or the average, but differentiated therefrom by the possession of the particular quality in higher degree. In applying the law of negligence, juries should have fully in mind that the duty demanded is that

care and that foresight, and only that, which the great mass of mankind, or the type of that mass, the ordinarily prudent man, exercises under like circumstances. *Nass v. Schulz,* 105 Wis. 146; *Hudson v. N. P. R. Co.* 107 Wis. 620.

The instruction quoted is further assailed in that by the last clause it permits to the jury a false standard of the intelligence and prudence of the man by whose anticipation they may decide the element of probability. He is described as one having the intelligence that "ought to have been had in doing such work." This necessarily means such as the jury think ought to have been had, which may differ from that ordinarily and customarily found in such employment. It permits the jury to use as a standard their ideal of what a conductor ought to be, instead of that which he customarily is, as ascertained by actual human experience and common knowledge. In this, error was committed. *Guinard v. Knapp-Stout & Co. Company,* 95 Wis. 482; *Wills v. Ashland L., P. & St. R. Co.* 108 Wis. 255.

A further error is assigned upon the charge with reference to the damages, which, it is claimed, authorizes the jury to allow for any reasonably certain future impairment of plaintiff's health or physical condition resulting from *any* injury suffered in the past, instead of limiting it to the injuries ascribed to defendant's negligence. This was obviously a careless use of the word, in view of the fact that there was some evidence of an ancient injury, to which might have been ascribed some of the symptons disclosed; but we cannot consider it as a reversible error, for the reason that the only exception reserved is taken not alone to that portion of the charge, but to that and others which are correct. Its repetition is not to be expected upon another trial.

The latter consideration absolves us from the examination of other assignments of error, two of which are to admission of evidence. The exceptions reserved are to matter of

verbiage, which is not likely of repetition on another trial, which must be ordered by reason of the errors already pointed out. We forego discussion of the error assigned upon the claim that the verdict is excessive, for the same reason.

Respondent calls our attention to the fact that the printed case is considerably more voluminous than is at all necessary for the consideration of the errors assigned. It contains substantially all of the evidence in the bill of exceptions, including that bearing upon the negligence of the defendant, and the conduct of the plaintiff in attempting to board the car, as to which no question is raised upon this appeal. The case also includes the instructions upon various questions, not assailed. At least thirty printed pages are entire surplusage and needlessly printed, and the expense thereof ought not to be taxed as costs.

*By the Court.*— Judgment reversed, and cause remanded for new trial. In taxing costs the expense of printing thirty pages of the case will not be allowed.