Meyer, Respondent, vs. The Milwaukee Electric Railway & Light Company, Appellant.

*December 19, 1902—January 13, 1903.*

*Street railways: Negligence: Injuries to passengers: Instructions to jury: Proximate cause: Appeal and error: Harmless error: Questions reviewed: Evidence: Credibility of party: Remarks of counsel: Excessive damages.*

1. In an action for personal injuries, an instruction to the jury defining "proximate cause" as the "direct and natural," and the "direct and producing cause without the existence of which such injury would not have occurred," is incorrect. It is not essential that the negligence complained of should be the direct cause of the injury. It is sufficient that it is the natural and probable cause, from which an ordinarily prudent and intelligent person ought, in the exercise of such intelligence, to have foreseen that an injury might probably result from the alleged negligence under like circumstances.

2. In an action for personal injuries happening through the alleged negligence of defendant, an instruction on the question of proximate cause, in substance, that the injury resulting from the negligent act must be such as a person of ordinary intelligence and prudence *would*, in the light of the surrounding circumstances, have reasonably foreseen as the probable result of such want of care, criticised. The expressions *"ought," "should"* or *"might naturally"* in place of *"would"* are more accurate and ought to be used.

3. In such case, instructions declaring the necessity that the ordinarily intelligent and prudent man ought to have foreseen not alone that some injury, but *"such injury"* as in fact resulted, states the rule governing proximate causation too stringently. It suffices to charge a person with liability for a negligent act, if some injury to another ought reasonably to have been foreseen as the probable result thereof by the ordinarily intelligent and prudent person under the same circumstances, even though the specific injury might not be so foreseeable.

4. In an action for personal injuries caused by alleged negligent acts, instructions requiring the jury, in order to ascribe the injury to defendant, to go further than the law requires, are not prejudicial on defendant's appeal.

5. Error alleged in respect to instructions to the jury cannot be considered where no exception thereto is reserved.

6. In an action against a street car company for personal injuries alleged to have been caused by defendant's negligence, the defense of contributory negligence in attempting to board the car before it had stopped was interposed. In submitting to the jury the special question of plaintiff's contributory negligence, the court, in its instructions thereon, referred the jury, without repeating, to the definitions of ordinary care and proximate cause already given. No other negligence of plaintiff was suggested by any of the evidence in the case, nor was there any request for finding by the jury upon any other phase of negligence attributable to plaintiff. *Held*, that error in that respect, if any, was cured by the answer of the jury to another question of the special verdict, finding that plaintiff did not attempt to board the car while in motion.

7. It is not error to inform the jury at whose request certain instructions are given. Such practice is, however, disapproved.

8. A requested instruction that the jury, in determining the credibility of the plaintiff, may consider the motive he had to testify in his own favor, is properly modified by striking out from the requested instruction the clause, "and you should especially remember how far he is contradicted by disinterested witnesses upon the most material matters."

9. Improper remarks by counsel cannot be the basis of reversal where the record fails to show that such remarks were objected to, or opportunity given counsel to withdraw them, or the court to rule thereon, or that any exception is reserved.

10. Remarks of counsel bearing on the question of damages, objected to, but promptly withdrawn, and jury instructed to disregard them, reviewed and *held* to be innocuous, or their injurious effect, if any, cured by the remission of $1,500 from a $3,500 verdict.

11. Plaintiff, a skilled mechanic, forty-five years of age, suffered an injury from which he was confined seven weeks, and had been unable to fully perform the labors of his trade thenceforward. There was testimony of his medical attendant, undisputed, that complete recovery was hardly possible. *Held*, that a verdict of $2,000 was not excessive.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

Action for personal injuries claimed to have been received by plaintiff while attempting to board a car of the defendant, which, as he claims, had come to a full stop a short distance

from the street crossing, and which was suddenly started as he had hold of the same with his hands and was raising his foot to step up, thereby throwing him to the ground, bruising him, dislocating his shoulder, and causing fracture in the shoulder joint, by which the use of his arm was permanently disabled; he being a tinsmith, forty-five years of age. The principally disputed question, other than the amount of damages, was whether the car had stopped at the time he attempted to board the same. A special verdict was taken, wherein the jury found that the car was standing still at the time of such attempted boarding; that it was suddenly started by the defendant's servants while he was making that attempt; that both the motorman and the conductor were guilty of a want of ordinary care in so starting the car; that such want of ordinary care was the proximate cause of the injury; that plaintiff did not attempt to board the car while it was still in motion, and before it had come to a stop; that the plaintiff was not guilty of negligence proximately contributing to his injury; and that his damages were $3,500. Upon respective motions for judgment and for a new trial, judgment was ordered for the plaintiff on the condition of his remitting the damages down to $2,000, from which judgment the defendant appeals.

For the appellant there was a brief by *Spooner & Rosecrantz,* and oral argument by *C. M. Rosecrantz.*

*Ernest A. Kehr,* for the respondent.

DODGE, J. Substantially the only issue in this case other than that of damages was whether the plaintiff attempted to board the defendant's street car while the same was in motion, or whether the attempt was made while the car was stationary, and that car being, of course, under the control of the defendant's servants, was negligently started, thereby throwing him down, and causing his injuries. The evidence on this issue was conflicting, and sufficient to support the conclusion of the

jury that the plaintiff's theory of the event was the correct one. The appellant urges two errors as affecting that conclusion, and another as affecting both that issue and the allowance of damages.

1. Upon the question of liability, it is urged that certain errors were committed in charging the jury as to proximate cause. In submitting the fifth question,—whether the negligence of defendant's servants in starting the car was the proximate cause of the injury,—the court defined proximate cause as follows:

"When we speak of the proximate cause of an injury, we mean not only the direct or natural cause of the injury, but also such a cause as a person of ordinary intelligence and prudence might, in the light of the attending circumstances, have reasonably foreseen would produce such an injury. So that, to answer this question in the affirmative, you will have to find two things: First, that the want of ordinary care on the part of the servant or servants of the defendant was the direct and producing cause of the injury, without the existence of which such injury would not have occurred; and, second, that the injury resulting therefrom was such as a person of ordinary intelligence and prudence would, in the light of the surrounding circumstances, have reasonably foreseen as the probable result of such want of care."

It cannot be doubted that this instruction is incorrect in several respects. Primarily, it is said that the negligence, in order to be the proximate cause of the injury, must have been the "direct and natural" and the "direct and producing cause, without the existence of which such injury would not have occurred." It is somewhat surprising that, after all that has been said by this court in recent years upon this subject, correct definitions of this somewhat metaphysical conception of proximate causation in cases of negligence should be evaded by trial courts. It is not essential that the negligence should be the direct cause of the injury. It suffices that it is the natural and probable cause. It is the natural cause when either it acts directly in producing the injury, or sets in mo-

tion other causes so producing it and forming a continuous chain in natural sequence down to the injury; thus linking the negligence with the injury by a chain of natural and consequential causation, although the former may be neither the immediate nor the direct cause of the event.   But such causation cannot be proximate cause in law to arouse liability, unless an ordinarily prudent and intelligent person ought, in the exercise of such intelligence, to have foreseen that an injury might probably result from the negligence under like circumstances. *Deisenrieter v. Kraus-M. M. Co.* 97 Wis. 279, 72 N. W. 735; *Dehsoy v. Mil. E. R. & L. Co.* 110 Wis. 412, 85 N. W. 973; *Seaver v. Union,* 113 Wis. 322, 89 N. W. 163.

Again, complaint is made that the jury were told that, in order to answer the question in the affirmative, they must be able to find that a person of ordinary intelligence and prudence *would* have foreseen that the negligence would produce such an injury. The word "would" is complained of as carrying the idea of necessary foresight by an ordinarily prudent person, while the true idea is better embodied by "ought," "should," or "might naturally" foresee the likelihood of injury from the negligent act.   This criticism is perhaps hypercritical, yet if the word "would" naturally conveys the idea of either necessity of foresight or necessity of result, it is more extreme than is authorized by the authorities.   The other expressions above suggested are more certainly accurate, and ought to be used.

The further complaint is made that the charge declares the necessity that the ordinarily intelligent and prudent man ought to have foreseen not alone some injury, but such injury as in fact resulted.   While the expression "the injury" and "such injury" appear in many places in our Reports as correctly expressing the idea of proximate causation, this court has recently carefully pointed out that the rule so stated is too stringent; that it suffices to charge a person with liability for a.

negligent act if some injury to another ought reasonably to have been foreseen as the probable result thereof by the ordinarily intelligent and prudent person under the same circumstances, even though the specific injury might not be so foreseeable. *Mauch v. Hartford,* 112 Wis. 40, 60, 87 N. W. 816. It is apparent, however, that all of these imperfections or errors in the instruction are favorable to the appellant. They require the jury, in order to ascribe the injury to its negligence, to go further than the law requires; hence they could not have been prejudicial to the appellant in bringing about the affirmative answer to the fifth question. It is complained, however, by the appellant, that they became so prejudicial when applied to the seventh question, which inquired whether, if it was found the plaintiff attempted to board the car while in motion, and before it had come to a stop, he was guilty of negligence proximately contributing to the injury.[1] In the instruction with reference to this question the court merely referred the jury to the definitions already given of proximate cause. If there was error in this respect, however, we cannot consider it, for the appellant reserved no exception. Another reason, also, why such error could not work reversal is that the seventh question and its answer has no place in the verdict, in view of the negation by the jury, in answering the sixth question, of the defendant's theory that the plaintiff did attempt to board the car while in motion. No other negligence is suggested by any of the evidence in the case, nor was there any request for finding by the jury upon any other phase of negligence attributable to plaintiff.

---

[1] The submission of the seventh question objected to was as follows, the portion objected to being inclosed in parentheses: "Seventh. If you answer the sixth question, 'Yes,' was the plaintiff guilty of negligence proximately contributing to his injury? (That question you will consider in the light of the instructions which I have given you as to what is meant by ordinary care) and as to what is meant by proximate cause."—REP.

It is complained further that, while the instruction of the court with reference to the fourth question, which inquired as to a "want of ordinary care" on the part of defendant's servants, was correct, that the reference of the jury thereto in answering the seventh question, which inquired with reference to "negligence," was not a sufficient performance of the duty of the court to define the meaning of the latter word. For the reason already stated, namely, that the seventh question and its answer have no place in the verdict, this error, if it were one, is immaterial, and not prejudicial to the appellant. Apart from this consideration, however, we find that the court, in the instruction assailed, used the expressions, "want of ordinary care" and "negligence" as equivalents, and that in all reasonable probability the jury must have so understood them. If, however, the appellant had doubt on that question, he should have requested the court to further define the word "negligence," used in the seventh interrogatory. This he failed to do.

Complaint is further made that the court informed the jury that certain instructions given were requested by the defendant. We cannot consider this reversible error, although we reiterate our disapproval of the practice expressed in *Gutzman v. Clancy,* 114 Wis. 589, 598, 90 N. W. 1081. We are unable to agree with counsel that any of the instructions indicated to the jury the legal effect of their answers to the questions further than as any reasonably intelligent man must necessarily infer from the questions themselves. The instructions merely indicated the effect upon their answer to the question of their solution of certain details of fact, which is the proper function of the charge when special verdict is taken.

2. Appellant assigns as error the refusal to give to the jury, at its request, the following instruction: "You may consider, in determining upon the credibility of the plaintiff's statements, the motive he had to testify in his own

favor, and you should especially remember how far he is contradicted by disinterested witnesses upon the most material matters." The instruction was given, except that portion commencing, "And you should especially remember," etc. It is always dangerous for courts to enter into the detail of the facts and the evidence, and to instruct with reference to the effect thereof upon the testimony of individual witnesses. The court certainly went as far as it was safe in cautioning the jury against giving credibility to the plaintiff in contradistinction to other witnesses in the case.

3. A general assault is made upon the verdict, based upon the contention that it evinces passion and prejudice to such a degree that we should order it set aside. That question has been fully submitted to the trial court, and there resolved against the appellant. In that respect the court was acting in the field of judicial discretion, and we are unable to say that he failed to exercise it judicially. In connection with this argument, appellant complains of certain remarks of respondent's counsel. Certain of those remarks, which consisted substantially in a statement to the jury of his own experience and observation with reference to the frequency and peril from prematurely starting cars, doubtless were improper, as being statements of facts as upon the counsel's own knowledge, instead of comment upon the evidence in the case (see *Gutzman v. Clancy,* 114 Wis. 596, 90 N. W. 1081); but nowhere in the record does it appear that the remarks were objected to, or any opportunity given the counsel to withdraw the same, or the court to rule thereon, nor was any exception reserved thereon. Under such circumstances we cannot recognize the right of appellant to complain of them on appeal. Other remarks bearing upon the question of damages were objected to, but were promptly withdrawn by the counsel, and the jury were instructed to disregard the same. We think that this furnished sufficient justification for the court below to hold them innocuous, or

to hold that any injurious effect they might have had was cured by the remission of $1,500 from the ·$3,500 verdict, *Kiekhoefer v. Hidershide,* 113 Wis. 280, 291, 89 N. W. 189.

We are unable to say that the verdict is excessive. The plaintiff, who was a skilled mechanic forty-five years of age, suffered an injury from which he was confined some seven weeks and had been unable to fully perform the labors of his trade thenceforward; and there was evidence of his medical attendant, undisputed, that he conceived complete recovery of the use of the arm hardly possible. The case of *Patten v. C. & N. W. R. Co.* 32 Wis. 524, is suggested as offering some analogy. In that case this court limited the recovery to $1,200 for a dislocated shoulder. There the plaintiff was a woman, seventy-two years of age, with no evidence of any trade which would be interrupted by the injury to her shoulder, and there was no proof of any reasonably certain permanence of injury. Certainly the distinctions between the situation there and in this case are sufficient to warrant the difference between $1,200 and $2,000.

We find no error which could have worked prejudice to the appellant.

*By the Court*—Judgment affirmed.