## ERROR IN THE DETERMINATION AS TO THE CAUSE OF THE ACCIDENT COMPLAINED OF.

Court of Appeals for Trumbull County.

STOCKBERGER v. THE AMES SHOVEL & TOOL COMPANY.

Decided, September 24, 1913.

*Proximate Cause—Distinguished from the Cause Producing the Injury —Error in Directing Verdict for the Defendant.*

The defendant had piled saw logs for a distance of about three hundred feet upon both sides of the public highway, leaving only the traveled part of the highway free. Plaintiff, while driving between these piles of logs, observed a runaway team approaching him from behind. By running his horse he succeeded in getting past the logs, but within a short distance was struck by the team and injured.

*Held:* . It was error for the trial judge under the circumstances to direct a verdict for the defendant. Whether under the circumstances the logs piled upon the highway by preventing the plaintiff from the use of the entire roadway to escape from the runaway team was the probable cause of the accident, was a question for the jury and not for the trial judge.

*Webb & Webb,* for plaintiff in error.
*Fillius & Fillius,* contra.

METCALFE, J.; NORRIS, J.; and POLLOCK, J., concur.

Error to the Court of Appeals for Trumbull County.

Plaintiff here, Louis Stockberger, was plaintiff below. The action was brought to recover damages for injuries sustained by the alleged negligence of the defendant. The trial judge at the close of the plaintiff's evidence, on motion directed a verdict for the defendant. That is the error complained of.

The defendant was engaged in shipping saw logs at the railroad station at Hiram, Portage county. Near the station, for a distance of about three hundred feet, the defendant had piled saw logs on both sides of the highway and within the limits thereof, leaving only the traveled strip in the center free. While the plaintiff was driving with a single horse and buggy on the road between these piles of logs he observed a runaway team drawing a heavy lumber wagon approaching him from behind. On account of the logs there was no opportunity for Mr. Stockberger to turn out on either side of the road. He tried to avoid the team by whipping his horse into a run and succeeded in getting past the log piles, but within a short distance was overtaken by the runaway team, which ran into his conveyance and injured him. The trial judge directed a verdict upon the theory that the running away of the team and not the piling of the logs on the highway was the sole producing cause of the accident. In this we think there was error. The highways of the state are to be kept open and free for the use of the public, and no one has a right to place obstructions thereon which will prevent the free use thereof, especially in case of an emergency. Mr. Stockberger was confronted with an emergency, that is to say, avoiding the runaway team. He had an undoubted right to use the entire highway for that purpose. The question is not whether he would have so used it, or whether it would have been wise or unwise for him to do so, but was he deprived of an opportunity to turn out of the traveled part of the highway upon one side or the other if, under the circumstances, his judgment dictated that as the safe course to pursue? Or, to put it another way, did

the accident result as a natural and probable sequence from the fact that the logs were piled upon the highway and the plaintiff was thus prevented from using the entire road as means of escape? It is possible, of course, that he might have avoided the injury after passing the logs, but that is a question for the jury solely and not for the trial judge.

There are many cases cited which undoubtedly sustain the defendant's theory of proximate cause in this case, but to adopt it would be to exclude the existence of the logs upon the highway from the consideration of the jury altogether. The later and better cases, it seems to us, point out a better rule, which is well illustrated in the case of *Meyer* v. *The Milwaukee Elec. Ry. & Light Co.*, 116 Wis., 336. The first proposition of the syllabus is:

"In an action for personal injuries, an instruction to the jury defining 'proximate cause' as the 'direct and natural,' and the 'direct and producing cause without the existence of which such injury would not have occurred' is incorrect. It is not essential that the negligence complained of should be the direct cause of the injury. It is sufficient that the natural and probable cause, from which an ordinarily prudent and intelligent person ought, in the exercise of such intelligence, to have foreseen that an injury might probably result from the alleged negligence under like circumstances."

The trial judge in this case on the question of proximate cause gave the following instructions to the jury, page 339:

"So that, to answer this question in the affirmative, you will have to find two things: First, that the want of ordinary care on the part of the servant or servants of the defendant was the direct and producing cause of the injury, without the existence of which such injury would not have occurred; and second, that the injury resulting therefrom was such as a person of ordinary intelligence and prudence would, in the light of the surrounding circumstances, have reasonably foreseen as the probable result of such want of care."

Speaking of this charge the judge delivering the opinion says, page 339:

"It can not be doubted that this instruction is incorrect in several respects. Primarily, itis said that the negligence, in

order to be the proximate cause of the injury, must have been the 'direct and natural' and the 'direct and producing cause, without the existence of which such injury would not have occurred.' It is somewhat surprising that, after all that has been said by this court in recent years upon this subject, correct definitions of this somewhat metaphysical conception of proximate causation in cases of negligence should be evaded by trial courts. It is not essential that the negligence should be the direct cause of the injury. It suffices that it is the natural and probable cause. It is the natural cause when it acts directly in producing the injury, or sets in motion other causes so producing it and forming a continuous chain in natural sequence down to the injury; thus linking the negligence with the injury by a chain of natural and consequential causation, although the former may be neither the immediate nor the direct cause of the event. But such causation can not be proximate cause in law to arouse liability, unless an ordinarily prudent and intelligent person ought, in the exercise of such intelligence, to have foreseen that an injury might probably result from the negligence under like circumstances."

This case, it seems to us, makes clear the distinction we have been attempting to make here, viz., that the proximate cause of the injury in this case is not necessarily the cause which directly produced the injury, that is to say, the running away of the team, but it is that cause which from all the facts proved an ordinarily careful and prudent person would say probably led to the final event as a natural consequence. This is a question for the jury and not for the trial judge. The judgment is reversed.

Judgment reversed.